FILED
APR 28 2008  NH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* Jennifer D. Perez,<br><br>Plaintiff,<br><br>v.<br><br>STERICYCLE, INC.<br><br>Defendant. | 08CV2390<br>JUDGE HOLDERMAN<br>MAGISTRATE JUDGE ASHMAN<br><br>Chief Judge Holderman<br><br>**QUI TAM COMPLAINT**<br>**FILED UNDER SEAL** |

COME NOW the Relator, Jennifer D. Perez, by and through her attorney, JAMES T. RATNER, and on behalf of the United States of America, complains against STERICYCLE, INC. as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 31 U.S.C. Section 3729 et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and (c).

3. Relator is the original source of the allegations contained in this complaint. Her allegations are based solely upon her own direct observations, and are independent of any other source of information. Relator has voluntarily disclosed the information in this complaint to the United States of America before filing this complaint.

### INTRODUCTION

4. This is a qui tam action brought by Relator Jennifer D. Perez ("Relalor Perez" or "Relator") on behalf of the United States of America, to recover treble damages and penalties arising from defendant Stericycle, Inc.'s ("Stericycle") violation of the False

1

Claims Act, 31 U.S.C. Sections 3729-3730.

5. Stericycle is a company that collects and disposes of medical waste in Illinois and throughout the United States. Stericycle has defrauded the government by knowingly or recklessly overcharging its federal customers by withholding accurate pricing data from the government when it agrees to a price for its services.

6. Stericycle fails to inform its federal customers that despite the price Stericycle has agreed to, Stericycle intends to and does add unallowable surcharges to each bill, and an 18% rate increase every nine months.

7. Stericycle conceals its intent to add these increases to its bills, because it knows that the federal purchasers would never agree to them during negotiations.

## PARTIES

8. Plaintiff Relator Perez is a citizen of the United States and resides in Illinois. Relator was an employee of Stericycle until she was terminated on March 25, 2008.

9. Defendant Stericycle is a large, publicly traded company, which handles medical waste, nationwide. It is one of the largest, if not the largest medical waste companies in the United States. Stericycle is headquartered in Lake Forest, Illinois.

## STERICYCLE'S FRAUDULENT OVERCHARGING

10. Stericycle has been in the medical waste industry since 1989. Stericycle services thousands of federal customers each year, and has more than 350,000 customers altogether. Customers are divided into two groups, large and small quantity. The allegations in this complaint relate mainly to Stericycle's treatment of small quantity customers.

11. When Stericycle picks up a new customer, through cold call, client-initiated call,

or through acquisition, Stericycle offers its standard agreement, called the Steri-Safe contract, which is a 1 to 5 year fixed-price agreement calling for a monthly or quarterly waste pick-up.

12. Stericylcle quotes the customer a monthly pick-up rate and agrees to this rate in the Steri-Safe contract. But Stericycle fails to inform its customer that even the first bill the customer receives is going to be greater than what the Steri-Safe agreement called for.

13. Stericycle as part of its billing routine, adds "fuel and energy" surcharges to each bill, without disclosing this to this customer during negotiations. These fuel and energy surcharges bear no relationship toward Stericycle's actual costs regarding a particular customer. This is demonstrated by the fact that Stericycle will add on these surcharges during periods when there have been no pick-ups, even for years. And within 9 months, and every 9 month period hence, the entire bill, (the monthly rate plus surcharges), is subjected to an 18% increase.

14. After 18 months, Stericycle's average bill has increased by 50%, despite its agreement guaranteeing the customer a fixed rate for the term of the contract.

15. Relator was hired by Stericycle in 2004, beginning as a temp, and soon moved into a full-time position in the collections department. Relator began to see that Stericycle was billing the federal accounts in violation of the federal acquisition regulations. In 2006, she was promoted to the position of government specialist, and was put in chare of resolving and preventing disputes with the federal accounts.

16. Relator discovered that Stericycle was routinely billing all small quantity customers, including government customers, the periodic 18% increases, surcharges, as well as billing the government in advance of service. This was resulting in gross

overcharges to the government accounts, which was her primary concern as government specialist.

17. As just one example, with respect to Stericycle customer 1010644, relator realized that a VA Hospital in Kansas City, Kansas was overcharged by Stericycle in the amount of $4809.50. Relator credited the customer's account.

18. Relator attempted to devise a systematic approach to identifying and protecting government customers (federal, state and local) from Stericycle's overcharges, but was ultimately rebuffed by Stericycle management. To thwart this, relator was fired for wholly pre-textual reasons.

19. Relator vigorously sought to inform her supervisors that the government customers had to be treated differently from the civilian ones; that Stericycle could not bill the government in advance of service, nor could they charge outrageous increases, and surcharges. Relator told her managers that Stericycle had to contract only with duly authorized federal personnel.

20. Relator's supervisors frequently admitted to relator that they were aware that Stericylcle's above-mentioned billing practices were improper as applied to the government accounts, yet Stericycle continues the same practices to date, as Stericycle sees a positive impact on its cash flow.

## COUNT 1

21. Relator re-incorporates by reference and re-alleges paragraphs 1-20 as if fully set forth herein.

22. By virtue of the afore-mentioned acts, defendant Stericycle knowingly or

recklessly submitted false claims for payment to the United States, to wit, inflated bills containing undisclosed increases, undisclosed surcharges, bills in advance of service, and bills for service agreements made with unauthorized personnel, in violation of the False Claims Act.

23. The United States was deceived into paying Stericycle's false claims for payment, and was therefore damaged in an amount yet to be determined. Relator alleges this amount is substantial.

## JURY DEMAND

24. Plaintiff-relator demands a trial by jury on the claims in her complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Relator Perez, on behalf of herself individually, and acting on behalf, and in the name, of the Government of the United States, respectively, demands and prays that judgment be entered against the Defendant as follows:

a. That the Defendant shall be ordered to cease and desist from violating the False Claims Act, 31 U.S.C. §§ 3729-3732.

b. That judgment shall be entered against Defendant in the amount of three times the amount of damages the United States has sustained because of Defendant's actions, plus a civil penalty of $11,000.00 for each act in violation of the False Claims Act, as provided by 31 U.S.C. § 3729(a), with interest.

c. That Relator shall be awarded the maximum amount available under Section 3730(d) of the False Claims Act for bringing this action, namely, 25 percent of the proceeds of the action or settlement of the claim if the Government intervenes in the matter (or pursues its claim through any alternate remedy available to the Government,

31 U.S.C. § 3730(c)(5)), or, alternatively, 30 percent of the proceeds of the action or settlement of the claim, if the Government declines to intervene.

    d.    That Relator shall be awarded all reasonable expenses that were necessarily incurred in prosecution of this action, plus all reasonable attorneys' fees and costs, as provided by 31 U.S.C. § 3730(d).

    e.    And, that such other relief shall be granted in the favor of the United States and the Relator as this Court deems just and proper.

Respectfully submitted,

By _____
JAMES T. RATNER
Attorney for Plaintiff-Relator
P. O. Box 1035
Woodstock, New York 12498
(845) 688-5222

Dated:   April 28, 2008