IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUN 2 8 2010
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, MASSACHUSETTS, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA and THE DISTRICT OF COLUMBIA, *ex rel.* JENNIFER D. PEREZ, <br><br> Plaintiffs, <br><br> -v- <br><br> STERICYCLE, INC., <br><br> Defendant. | FILED UNDER SEAL <br> Pursuant to 31 U.S.C. § 3730(b)(2) <br><br> 08-CV-2390 <br> Chief Judge Holderman |

## FIRST AMENDED QUI TAM COMPLAINT
## UNDER FEDERAL AND STATE FALSE CLAIMS ACTS

Plaintiff-Relator Jennifer D. Perez, through her attorneys James T. Ratner, Esq., Menz Bonner & Komar LLP, and Michael C. Rosenblat, for her First Amended *Qui Tam* Complaint against Defendant Stericycle, Inc., alleges, based upon personal knowledge, relevant documents, and information and belief, as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. §§ 3729 et seq. The Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. §3730(b) in that the claims for relief in this action are brought in the name of the United States for violations of the federal False Claims Act, 31 U.S.C. §§ 3729- 3733, and on behalf of the States of California, Delaware, Florida, Illinois, Indiana,

Massachusetts, Nevada, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Virginia and the District of Columbia under their respective false claims and *qui tam* laws.[1]

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

3. Relator is the original source of the allegations contained in this complaint. Her allegations are based upon her own observations, and are independent of any other source of information. Relator has voluntarily provided the information contained in this complaint to the United States before filing this complaint.

## INTRODUCTION

4. This is a qui tam action brought by Relator Jennifer D. Perez ("Relator Perez" or "Relator") on behalf of the United States of America and the Plaintiff States to recover treble damages and penalties arising from defendant Stericycle Inc.'s ("Stericycle") violations of the False Claims Act, 31 U.S.C. §§ 3729-3730.

5. Stericycle is a company that collects and disposes of medical waste throughout the United States. Stericycle has defrauded federal, state and local governments by knowingly or recklessly overcharging its governmental customers and by

---

[1] Applicable state false claims and *qui tam* statutes are the following: California False Claims Act, Cal. Govt. Code § 12650 *et seq.*; Delaware False Claims and False Reporting Act, 6 Del. C. § 1201 *et seq.*; District of Columbia Procurement Reform Amendment Act, D.C. Code Ann. § 1-1188.13 *et seq.*; Florida False Claims Act, Fla. Stat. Ann. § 68.081 *et seq.*; Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. § 175/1 *et seq.*; Indiana False Claims and Whistleblower Protection Act, Ind. Code Ann. § 5-11-5.5-1 *et seq.*; Massachusetts False Claims Law, Mass. Gen. Laws ch. 12 § 5 *et seq.*; Nevada False Claims Act, Nev. Rev. Stat. Ann. § 357.010 *et seq.*; New Hampshire False Claims Act, N.H. Rev. Stat. Ann. § 167:61 *et seq.*; New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C; New York False Claims Act, N.Y. State Finance Law §§ 187-194; North Carolina False Claims Act, 52 N.C. General Statutes, § 1-605-618; Rhode Island False Claims Act, R.I. General Laws § 9-1.1; Tennessee False Claims Act, Tenn. Code Ann. § 4-18-101 *et seq.*; Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.1 *et seq.*

withholding accurate pricing data from its customers when it agrees to pick up medical waste.

6. Stericycle fails to inform its customers that despite the contract price it has agreed to, Stericycle intends to and adds unallowable surcharges to each bill, in addition to an undisclosed 18% across the board increase every 9 months.

7. Stericycle conceals its intent to add these increases to each bill because it knows governmental customers would never agree to them if disclosed in advance.

## PARTIES

8. Relator Perez is a citizen of the United States and a resident of Illinois. She was an employee of Stericycle until March 25, 2008, when she was terminated.

9. Stericycle is a major medical waste disposal company, operating throughout the nation and in several foreign markets. It is one of the largest, if not the largest, medical waste disposal companies in the United States. Stericycle is headquartered in Lake Forest, Illinois.

## STERICYCLE'S FRAUDULENT OVERCHARGING

10. Stericycle has been in the medical waste business since 1989. Since that time it has been on a trajectory of steady growth, with more that 400,000 domestic customers. Customers are divided into two groups, large quantity and small quantity generators.

11. When Stericycle acquires a new small quantity customer, whether from a cold call, client initiated call, or through acquisition, Stericycle offers such customers Stericycle's SteriSafe agreement, which is a 1 to 5 year fixed price agreement calling for monthly or quarterly waste pick-ups.

12. Stericycle quotes the customer a periodic pick-up rate and commits to the rate in the SteriSafe agreement. Stericycle, however, fails to inform its customers that even the first bill received is going to be greater than what was specified in the contract.

13. Stericycle, as part of its scheme, adds so-called fuel and energy surcharges to every bill, without having previously disclosed these surcharges to the customer. These fuel and energy surcharges bear no relationship to actual increases in the cost of fuel and energy borne by Stericycle. This is demonstrated by the fact that Stericycle adds such surcharges to a customer's bill even in periods of time when there have been no pick-ups for a particular customer for a year or more, or even when there has been a decrease in the price of fuel. In addition, within nine months of the initial contract date, and every nine months thereafter, the entire periodic service charge is subjected to an 18% increase, without regard to Stericycle's actual costs.

14. After the initial 18 months, an average SteriSafe customer experiences an approximate 50% increase above the contract price, all in violation of the contract terms.

## RELATOR LEARNS OF STERICYCLES FRAUDULENT PRACTICES

15. Relator was hired by Stericycle as a temporary employee in 2004, but soon moved into a full time position in the collections department. In that position, Relator began to see that Stericycle was overbilling its governmental customers, in many instances in violation of governmental procurement regulations. In 2006, she was promoted to the position of government specialist, and was put in charge of preventing and resolving disputes with the governmental accounts. As a result of her work in that position, Relator learned that Stericycle does business with units at all levels of the federal, state, and local governments.

16. Relator's primary responsibility as Stericycle's government specialist was to resolve complaints from governmental customers. Relator fielded and handled complaints from numerous governmental agencies, including but not limited to federal agencies such as the Defense Department (Army, Air Force, Navy), Department of Veterans Affairs, Department of Justice (Federal Bureau of Investigation crime laboratories; Bureau of Prisons), Library of Congress and the National Institute of Safety and Health, the United States Postal Service, and governmental units in states such as California (*e.g.*, Department of Justice), Delaware, Florida (*e.g.*, Department of Law Enforcement), Illinois, Indiana, Massachusetts, Nevada, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Virginia, the District of Columbia, and local governmental units in the foregoing states, such as health departments (*e.g.*, Health Department, Lake County, Illinois), schools (*e.g.*, Chicago Public School system), ambulance services (*e.g.*, Bristol, Tennessee, Fire and Rescue Squad), prisons and jails. Relator discovered that Stericycle was routinely billing all small quantity customers, including government customers, with annual 18% increases, adding surcharges, and billing such customers in advance of any pickups. This resulted in gross overcharges to the government accounts. Stericycle carried out the practices alleged herein across the board with almost all of its small quantity customers.

17. Three examples of the application of Stericycle's price escalation scheme follow:

    a) Stericycle customer1010644. In this instance, Relator realized that a United States Department of Veterans Affairs facility in Kansas City, Kansas had been

overcharged in the amount of $4809.50 by Stericycle. Relator credited the customer's account.

      b) Stericycle customer 8022846-001, a Library of Congress site. Here as a result of Stericycle's price increases, the customer was overcharged in the amount of $591.82.

      c) Stericycle customer 1041033-001. In this case, a Federal Aviation Authority site was overcharged in the amount of $ 1,314.90.

These are just three examples out of hundreds of false claims Relator became aware of, which were submitted and paid for by the federal government. In these three examples just cited, Relator responded to customer complaints, and credited the accounts some or all of the amounts overbilled. But given the thousands of government customers Stericycle has overbilled, Relator was able to correct only a small portion of the overbilled accounts until her employment was terminated, like grabbing a handful of sand on a beach.

    18.    As a result of this experience, Relator attempted to devise a systematic approach to identify and shield government customers from Stericycle's predatory billing schemes, but she was rebuffed by Stericycle's management, culminating in her firing for wholly pre-textual reasons.

    19.    During the time that Relator worked at Stericycle as the company's government specialist, Relator received complaints from numerous federal, state and local governmental customers.

    20.    Relator vigorously sought to inform her supervisors that the government customers had to be treated differently than the civilian ones; that Stericycle could not

bill in advance of service, nor charge for un-bargained for and/or unjustified increases and surcharges.

21. Relator's supervisors routinely admitted to Relator that they were aware that Stericycle's price escalation practices were improper with respect to the governmental accounts, yet Stericycle continues these practices unabated to this day.

22. In fact, a senior Stericycle executive admitted to Relator in 2006, that Stericycle was in fact subjecting federal customers to improper price increases via Stericycle's automated billing program. He further admitted that these federal customers should be exempted from the automated price escalation, and that this could be easily accomplished. Stericycle, instead of heading this advice, chose to fire Relator.

### FIRST CAUSE OF ACTION
(31 U.S.C. §§ 3729(a) (1), (2) and (3))

23. Relator incorporates by reference paragraphs 1 through 22 of this Complaint, as if set forth fully herein.

24. Stericycle, through the use of a price escalation scheme has (a) knowingly presented, or caused to be presented, to an officer or employee of the United States Government, false and fraudulent claims for payment and approval; (b) knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the Government; and (c) conspired with others to defraud the Government by getting false and fraudulent claims allowed or paid, in that Defendants made or caused false claims to be made to the U.S. Department of Justice, the Department of Health and Human Services, the US Postal Service, the Department of Defense, and their various sub-agencies, and any other federal agency, all in violation of 31 U.S.C. §§ 3729(a)(1), (2) and (3).

25. As a result of this false and fraudulent conduct the United States Government was damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
(31 U.S.C. §§ 3729(a)(1)(G))

26. Relator incorporates by reference paragraphs 1 through 25 of this Complaint, as if set forth fully herein.

27. Stericycle, by knowingly overcharging government accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government.

28. As a result of this false and fraudulent conduct the United States Government was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
(State False Claims Acts)

29. Relator incorporates by reference paragraphs 1 through 28 of this Complaint, as if set forth fully herein.

30. Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false and fraudulent claims for payment to officers of each of the Plaintiff States; (b) knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the Plaintiff States; and (c) conspired to defraud the Plaintiff States by getting false and fraudulent claims allowed or paid, in that Defendant knowingly and

willfully overcharged state and local governmental customers for medical waste disposal services, all in violation of the each Plaintiff State's false claims laws.

## **PRAYER FOR RELIEF**

WHEREFORE, Relator, on behalf of herself individually, and acting on behalf, and in the name, of the Government of the United States and the Plaintiff States, respectively, demands and prays that judgment be entered against the Defendant as follows:

    a.    That the Defendant shall be ordered to cease and desist from violating the False Claims Act, 31 U.S.C. §§ 3729-3732 and the respective State False Claims Acts.

    b.    On the First and Second Causes of Action under the False Claims Act, judgment shall be entered against Defendant in the amount of three times the amount of damages the United States has sustained because of Defendant's actions, plus a civil penalty of $11,000.00 for each act in violation of the False Claims Act, as provided by 31 U.S.C. § 3729(a), with interest.

    c.    On the Third Cause of Action under the respective Plaintiff States' False Claims Acts, judgment shall be entered against Defendant in the amount of three times the amount of damages each Plaintiff State has sustained because of Defendant's actions, plus a corresponding statutory civil penalty with interest.

    d.    That Relator shall be awarded the maximum amount available under 31 U.S.C. § 3730(d) of the False Claims Act and under each respective State False Claims Act, for bringing this action, namely, 25 percent of the proceeds of the action or the settlement of the claim if the United States and/or any of the States intervenes in the case (or pursues its claim through any alternate remedy available to the United States,

31 U.S.C. § 3730(c)(5) and/or the States), or, alternatively, 30 percent of the proceeds of the action or settlement of the claim, if the United States or any State declines to intervene in this case.

e. That Relator shall be awarded all reasonable expenses that were necessarily incurred in prosecution of this action, plus all reasonable attorneys' fees and costs, as provided by the False Claims Act, 31 U.S.C. § 3730(d) and any applicable state law.

f. And, such other relief shall be granted in the favor of the United States, the respective States, and the Relator as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands trial by jury.

Dated: June 25, 2010

Respectfully Submitted,

*/s/ James T. Ratner/ench.*
James T. Ratner, Esq.
Attorney *Pro Hac Vice*
P.O. Box 1035
Woodstock, NY 12498
Tel.: (845) 688-5222
Email: jamestratner@yahoo.com

David A. Koenigsberg, Esq.
Menz Bonner & Komar LLP
444 Madison Avenue, 39th Floor
New York, New York 10022
Tel.: (212) 223-2100
Email: dkoenigsberg@mbklawyers.com

Michael C. Rosenblat
Rosenblat & Associates, Ltd.
33 North LaSalle Street Suite 2900
Chicago, Illinois 60602
Tel.: 312-948-0006
Email: mike@rosenblatlaw.com

*Attorneys for Relator Jennifer Perez*

## CERTIFICATE OF SERVICE

I, Michael C. Rosenblat, an attorney, certify that I caused copies of the foregoing **First Amended Qui Tam Complaint Under Federal and State False Claims Acts,** by depositing the same in the US Mail by 5:00 pm on the 28th day of June 2010, with proper postage prepaid.

s/ Michael C. Rosenblat

## SERVICE LIST

*United States of America, ex rel Perez, et al., v. Stericycle, Inc.*
08CV2390

Kathryn Kelly, Esq.
Assistant U.S. Attorney
219 S. Dearborn Street, Room 500
Chicago, IL 60604
US Mail