# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, MASSACHUSETTS, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA, and THE DISTRICT OF COLUMBIA, *ex rel.* JENNIFER D. PEREZ, | Case No. 1:08-cv-02390 <br><br> Hon. George M. Marovich |
| Plaintiffs, | |
| v. | |
| STERICYCLE, INC., | |
| Defendant. | |

## ANSWER TO SECOND AMENDED COMPLAINT

Stericycle hereby answers Plaintiff-Relator's Second Amended Complaint (the "Complaint") as follows:

## I.     INTRODUCTION

1.     This is a *qui tam* action brought by Relator Jennifer D. Perez ("Relator Perez" or "Relator") on behalf of the United States of America and the States of California, Delaware, Florida, Illinois, Indiana, the Commonwealth of Massachusetts, the States of Nevada, New Jersey, New York[1], North Carolina, Rhode Island, Tennessee, the Commonwealth of Virginia, and the District of Columbia (hereinafter the states will be referred to as the "Plaintiff States") to recover treble damages and penalties arising from defendant Stericycle Inc.'s ("Stericycle")

---

[1] Stericycle settled the New York claims for $2.4 million on January 7, 2013, and those claims have been dismissed.  Claims under the New Hampshire False Claims Act are not included in this Second Amended Complaint.

violations of the Federal False Claims Act, 31 U.S.C. §§ 3729-3730 and the respective Plaintiff States' false claims statutes.

**ANSWER**:  Stericycle admits this purports to be a *qui tam* action brought by Relator Jennifer D. Perez on behalf of the United States of America and certain enumerated states pursuant to the Federal False Claims Act and certain Plaintiff States' false claims statutes. Stericycle further admits that it entered into a partial settlement agreement with the State of New York on January 7, 2013.  Stericycle denies the remaining allegations of Paragraph 1.

2.      Stericycle collects and disposes of medical waste throughout the United States. Stericycle has defrauded the United States and the Plaintiff States (hereinafter the United States, Plaintiff States and their local governmental entities will be referred to as the "Government") by knowingly or recklessly: (a) submitting false claims; (b) making false statements in order to get false or fraudulent claims paid or approved; (c) knowingly concealing or improperly avoiding an obligation to pay or transmit money or property to the Government; and/or (d) fraudulently inducing the Government to enter into a contract knowing at the time the contract was entered into that it had no intent on honoring the terms of the contract but instead intended on arbitrarily increasing the price agreed upon in the contract by various amounts up to 18% every 9 to 12 months.

**ANSWER**:  Stericycle admits that it collects and disposes of medical waste throughout the United States but denies the remaining allegations of Paragraph 2.

## II.        JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. §§ 3729 *et seq*.  The Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. §3730(b) in that the claims for relief in this action are brought in the name of the United States for violations of the federal False Claims Act, 31 U.S.C. §§ 3729- 3733.  This Court has

supplemental jurisdiction over the claims asserted under state law pursuant to 28 U.S.C. § 1367(a) and 31 U.S.C. § 3732(b).

**ANSWER**:  Stericycle admits that this Court has jurisdiction over this action.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**ANSWER**:  Stericycle admits venue is proper in this District.

5.      This suit is not based upon prior public disclosures of allegations or transactions in a Federal criminal, civil, or administrative hearing in which the Government is a party, in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation, or from the news media.

**ANSWER**:  Stericycle denies the allegations of Paragraph 5 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

6.      Relator is an original source under 31 U.S.C. §3730(e)(4)(B).  Relator voluntarily disclosed to the Government the information on which allegations or transactions upon which the claims are based, and has voluntarily provided the information to the Government before filing an action under the FCA.

**ANSWER**:  Stericycle denies the allegations of Paragraph 6 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

7.      Relator served on the Attorney General of the United States, and the United States Attorney for the Northern District of Illinois, substantially all material evidence and information she possesses in accordance with the provisions of 31 U.S.C. §3730(b)(2). Relator also served on the Attorneys General of the Plaintiff States or their designated representatives, substantially all material evidence and information she possesses in accordance with the Plaintiff States false claims act *qui tam* provisions.

**ANSWER**:  Stericycle denies the allegations of Paragraph 7 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

### III.    PARTIES

8.    Relator Perez is a citizen of the United States and a resident of Illinois. She was employed by Stericycle from 2004 until March 25, 2008, when her employment was terminated. Her last position prior to her termination was that of government specialist.

**ANSWER**:  Stericycle admits that Perez was employed by Stericycle from 2004 until March 25, 2008, when her employment was terminated, and that she worked with certain government accounts.  Stericycle denies the first sentence of Paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.  Stericycle denies the remaining allegations of Paragraph 8.

9.    Defendant Stericycle is a Delaware corporation with it principal corporate offices located in Lake Forest, Illinois.  Since 1989, Stericycle has been and continues to be engaged in the business of providing medical waste disposal services throughout the United States.

**ANSWER**:  Stericycle admits the allegations of Paragraph 9 of the Complaint.

10.    The disposal of medical waste is a regulated business.  Regulated medical waste is commonly any waste that can cause an infectious disease and includes single-use disposable items such as needles, syringes, gloves, and other medical supplies; cultures and stocks of infectious agents; blood and blood products; and regulated pharmaceutical waste, which consists of expired or recalled pharmaceuticals.

**ANSWER**:  Stericycle admits the allegations of Paragraph 10 of the Complaint.

## IV. STERICYCLE'S STANDARD
## FORM "STERI-SAFE SERVICE AGREEMENT"

11.     The Steri-Safe Service Agreement is a standard form boilerplate contract drafted by Defendant.  The Steri-Safe Service Agreement consists of a cover sheet listing "Steri-Safe Program Benefits," fees, a line for the Government representative's signature, and a separate document titled "Steri-Safe Terms and Conditions."  A copy of a Steri-Safe Service Agreement entered into between the United States Department of Veterans' Affairs and Defendant is attached as Exhibit 1.

**ANSWER**:  Stericycle admits that certain Steri-Safe Agreements contain a cover sheet listing Steri-Safe Program Benefits and a separate page entitled Terms and Conditions. Stericycle admits that Exhibit 1 is a copy of a Steri-Safe Service Agreement entered into with the Department of Veterans' Affairs.  Stericycle denies the remaining allegations of Paragraph 11.

12.     The Steri-Safe Service Agreement's Terms and Conditions require Stericycle to collect, transport, treat, and dispose of regulated medical waste provided by the Governmental customer during the term of the agreement.

**ANSWER**:  Stericycle admits that certain of its contracts provide that Stericycle will collect, transport, treat and dispose of regulated medical waste of governmental customers but denies the remaining allegations of Paragraph 12.

13.     The fee the Government agreed to pay for medical waste pickup and disposal is stated on the cover page of the Steri-Safe Service Agreement.

**ANSWER**:  Stericycle denies the allegations of Paragraph 13 of the Complaint.

## V. STERICYCLE'S UNLAWFUL
## "AUTOMATED PRICE INCREASE" POLICY

14.     From 2002 and continuing to present, Stericycle has imposed automated price increases ("API") of up to 18% during a calendar year on all Steri-Safe Service Agreement

customers, as well as certain other customers, including Government customers. Defendant imposed APIs at least or as often as every nine months. Stericycle never disclosed its API program to its Government customers and the API program was not authorized by Stericycle's form contracts. APIs are never authorized increases to the agreed upon charge.

**ANSWER**: Stericycle denies the allegations of Paragraph 14 of the Complaint.

15. Defendant's failure to disclose that it was its policy and practice to increase the contract price by the implementation of an API, prior to entering into a contract with the Government, fraudulently induced the Government to enter into these contracts. Defendant knew at the time it was entering into these contracts with the Government, that it had no intent on abiding by the terms of its agreement.

**ANSWER**: Stericycle denies the allegations of Paragraph 15 of the Complaint.

16. Stericycle targeted small-quantity customers, including Government agencies and entities, with automated price increases.

**ANSWER**: Stericycle denies the allegations of Paragraph 16 of the Complaint.

17. Stericycle used an electronic financial accounting and reporting system known as "Tower." Stericycle programmed the Tower financial reporting system to apply the API automatically to small-quantity Government customer accounts, and to some large-quantity accounts as well.

**ANSWER**: Stericycle admits that it maintained certain electronic information relating to customers on a system formerly known as Tower but denies the remaining allegations of Paragraph 17.

18. In addition to the last price increase amount, the fields populated with data on Tower include, for example, "Last Price Inc[rease] Date," "PI [Price Increase] exempt," "PI

[Price Increase] Max Amt (%)," "PI [Price Increase] Expire Date," and "PI [Price Increase] Reason Code." A screen shot from the Tower financial reporting system shows that a Lincoln, Nebraska Federal Aviation Administration ("FAA") facility was charged an API of 18% on October 1, 2007.

**ANSWER**: Stericycle admits that Tower included the data headings listed in said paragraph and that Paragraph 18 includes a screen shot with information contained in the Tower system. Stericycle denies the remaining allegations of Paragraph 18.

19. Stericycle billed most small-quantity Government customers on a monthly basis.

**ANSWER**: Stericycle admits that some small-quantity Government customers are billed on a monthly basis but denies the remaining allegations of Paragraph 19.

20. While the vast majority of its Government customers paid the false claim containing the API, not all readily agreed to pay the false or fraudulent claim.

**ANSWER**: Stericycle denies the allegations of Paragraph 20 of the Complaint.

21. To respond to customer complaints, including Government customers, concerning price increases, Defendant maintained a customer complaint department intended to persuade customers, including Government customers, to pay as much of the 18% API as possible.

**ANSWER**: Stericycle denies the allegations of Paragraph 21 of the Complaint.

22. In the months that Stericycle implemented an API, this department routinely received a large number of complaints from Steri-Safe Service Agreement and other small-quantity customers. To deal with the growing number of complaints from government customers, Relator was designated as the government specialist.

**ANSWER**:  Stericycle admits that it receives inquiries from customers concerning all aspects of the customer's service, including but not limited to price.  Stericycle denies the remaining allegations of Paragraph 22.

23.     Stericycle used various false statements to justify the API to Government customers who spoke with Defendant's customer complaint department.  When Government customers objected to the API, Stericycle employees were directed by Defendant to make false statements to the Government in order to get the false claims paid or approved.  These false statements included:

a.      Telling customers that Stericycle was experiencing annual increased costs for insurance, labor, energy, or regulatory requirements totaling as high as 30%, when their actual annual cost escalation was 3%.

b.      Telling customers that Stericycle passed on only a fraction of increases to customers because the company tried to absorb as much as possible, but at times had to pass on some increases to customers.

**ANSWER**:   Stericycle denies all of the allegations of Paragraph 23 including the allegations of subparagraphs a. and b.

24.     For Government customers that refused to pay the increased price, Defendant's customer retention department was authorized to offer a discount on the API.

**ANSWER**:  Stericycle admits that certain customers negotiate new contract terms before the previous contract has ended, including but not limited to contract terms affecting the price of service.  Stericycle denies the remaining allegations of Paragraph 24.

## VI.     STERICYCLE'S FRAUDULENT CONTRACT INDUCEMENT SCHEME

25.     Relator's primary responsibility as Stericycle's government specialist was to resolve complaints from Government customers.  Relator addressed complaints from numerous

governmental agencies, including but not limited to federal agencies such as the Defense Department (Army, Air Force, and Navy), Department of Veterans Affairs, Department of Justice (Federal Bureau of Investigation, laboratory services; Bureau of Prisons), Library of Congress, National Institute of Safety and Health, and the United States Postal Service. Relator also fielded complaints from governmental units located in California (e.g., California Department of Justice), Delaware, Florida (*e.g.*, Department of Law Enforcement), Illinois, Indiana, Massachusetts, Nevada, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Virginia, the District of Columbia, and local governmental units in the foregoing states, such as health departments (*e.g.*, Lake County, Illinois, Health Department), schools (*e.g.*, Chicago Public School system), ambulance services (*e.g.*, Bristol, Tennessee, Fire and Rescue Squad), prisons and jails. Relator discovered that Stericycle was routinely submitting claims to Government customers that contained an API of 18%. This resulted in gross overcharges to the Government accounts.

**ANSWER**: Stericycle admits that a part of Perez's responsibility included responding to concerns of certain government customers, which may have included those customers identified in Paragraph 25. Stericycle denies the remaining allegations of Paragraph 25.

26. The following are examples of specific false and/or fraudulent claims submitted by Stericycle to Government customers.

**ANSWER**: Stericycle denies the allegations of Paragraph 26 of the Complaint.

27. From October 1, 2004 to September 30, 2008, Stericycle had a Steri-Safe contract with the Federal Aviation Administration's facility in Lincoln, Nebraska, Stericycle account #1041033. This contract was renewed automatically at the end of each contract year with the price or charge locked in, and not subject to increase. Nonetheless, on November 1, 2005,

Defendant imposed an API of 18%, increasing the charge from $26.00 to $30.68. Defendant thus submitted false claims to the Federal Aviation Administration, monthly, from November 1, 2005 to October 1, 2006, as stated herein.

**ANSWER**: Stericycle admits that it had a contract with the Federal Aviation Administration Facility in Lincoln, Nebraska, during certain periods of time. Stericycle further admits that this customer's service price was adjusted in accordance with the parties' contract or oral modifications thereto. Stericycle denies the remaining allegations of Paragraph 27.

28. On November 1, 2006, Defendant imposed another API of 18% on the Federal Aviation Administration's facility in Lincoln, Nebraska, Stericycle account #1041033, thus compounding the fraudulent billing and the damages to the Government. Although the monthly charge should have been $26.00, the price was increased to $36.20. ($26.00 x 18% [Nov.] 1, 2005, = $30.68 x 18% [Nov.] 2006, = $36.20). Defendant submitted false claims to the Federal Aviation Administration, monthly, from November 1, 2006 to October 1, 2007, as stated herein.

**ANSWER**: Stericycle admits that this customer's service price was adjusted in accordance with the parties' contract or oral modifications thereto. Stericycle denies the remaining allegations of Paragraph 28.

29. On November 1, 2007, Defendant imposed another API of 18% on the Federal Aviation Administration's facility in Lincoln, Nebraska, Stericycle account #1041033, thus compounding the fraudulent billing and the damages to the Government. Although the monthly charge should have been $26.00, the price was increased to $42.72 ($26.00 x 18% [Nov. 1, 2005] = $30.68 x 18% [Nov. 2006] = $36.20 x 18% [Nov. 1, 2007] = $42.72). Defendant submitted false claims to the Federal Aviation Administration, monthly from November 1, 2007 to October 1, 2008, as stated herein.

**ANSWER**:   Stericycle admits that this customer's service price was adjusted in accordance with the parties' contract or oral modifications thereto.   Stericycle denies the remaining allegations of Paragraph 29 of the Complaint.

30.     From 2002 through 2007, the United States Department of Veteran Affairs Medical Center in Kansas, Missouri, Stericycle Account # 1010644, had a "Steri-Safe Economy" contract with Stericycle, with fixed pricing during the pendency of the contract.   Nonetheless, Stericycle increased the charges to the VA on at least two occasions, each by imposing an 18% API.   The 18% API was imposed on June 1, 2006, and again on September 9, 2007.   As a result of these unauthorized increases, the monthly charge to the VA rose from $83.50 to $98.53, to $116.27, all in violation of the Federal False Claims Act.

**ANSWER**:   Stericycle admits that it had a contract with the referenced customer during certain periods of time.   Stericycle further admits that this customer's service price was adjusted in accordance with the parties' contract or oral modifications thereto.   Stericycle denies the remaining allegations of Paragraph 30.

31.     On or about January 1, 2011, Stericycle submitted a claim to the University of California-Davis (UCD) Medical Group, a state entity, located at 251 Turn Pike Drive, Folsom, California, that included an API of 18%. This 18% API charge was not permitted by the existing agreement between the UCD Medical Group and Stericycle, and was thus a false or fraudulent claim for payment in violation of the California False Claims Act.

**ANSWER**:   Stericycle denies the allegations of Paragraph 31 of the Complaint.

32.     Stericycle had a Steri-Safe Select Monthly contract with the Florida Department of Law Enforcement ("FDLE"), at a fixed monthly price.   On September 1, 2005, Stericycle submitted a claim to the FDLE for $1,493.67.   After several 18% APIs, by July 1, 2007,

Stericycle submitted a claim to the FDLE in the amount of $2,066.56.  These APIs were not part of the contract that FDLE had with Stericycle, and were claims for payment well above the price Stericycle had agreed to with FDLE.  Each claim submitted subsequent to an API was in violation of the Florida False Claims Act.

**ANSWER**:  Stericycle admits that it had a contract with the referenced customer during certain periods.  Stericycle further admits that this customer's service price was adjusted in accordance with the parties' contract or oral modifications thereto. Stericycle denies the remaining allegations of Paragraph 32.

33.     On or about January 1, 2011, Stericycle submitted a claim to Oak Forest Hospital, 15900 S Cicero Ave, Oak Forest, Illinois, that included API of 10%. Oak Forest Hospital is part of the Cook County, Illinois Health and Hospital System.   This 10% API charge was not part of the existing agreement between Oak Forest Hospital and Stericycle, and was thus a false or fraudulent claim for payment in violation of the Illinois False Claims Act.

**ANSWER**:  Stericycle denies the second sentence of Paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.  Stericycle denies the remaining allegations of Paragraph 33.

34.     Stericycle had a Steri-Safe Economy-Annually contract with the Massachusetts College of the Liberal Arts, a state college located in North Adams, Massachusetts.  The contract price as of October 1, 2004, was $20.70, for one unit per month from October 1, 2004 to September 1, 2005.  On October 1, 2005, Stericycle imposed an 18% API, raising the monthly unit price to $24.43, and charged this price for each month for the following year.  Stericycle, following this pattern, imposed an 18% API on each of October 1, 2006, October 1, 2008, and

October 1, 2009, all billed monthly for a year's duration.  Each claim submitted subsequent to an API was a false or fraudulent claim in violation of the Massachusetts False Claims Act.

**ANSWER**:  Stericycle admits that it had a contract with the referenced customer during certain periods.  Stericycle further admits that this customer's service price was adjusted in accordance with the parties' contract or oral modifications thereto.  Stericycle denies the remaining allegations of Paragraph 34.

35.     On March 1, 2011, Stericycle imposed a 10% API upon Virginia Commonwealth University-Chem Clave, Richmond, Virginia.

**ANSWER**:  Stericycle admits that the referenced customer's price was changed on or about March 1, 2011, but denies that such price change breached the customer's contract or constituted a violation of the False Claims Act.

36.     In addition to the specific false claims identified herein, the following Governments were fraudulently induced into entering into contracts with Defendant: Tennessee Air National Guard; Delaware Veteran Home; Indiana Air National Guard; Tahoe-Douglas Fire Station, Nevada; New Jersey Department of Agriculture; North Carolina State Veteran Home; Rhode Island Public Transit Authority; Tennessee Air National Guard; Virginia Department of Health; and District of Columbia Department of Health.

**ANSWER**:  Stericycle denies the allegations of Paragraph 36 of the Complaint.

37.     The foregoing are examples of the false or fraudulent claims submitted by Stericycle in violation of the federal and state False Claims Acts, and were submitted to the Government  without any notification of the price increases in order not to alert the Government, who might protest.  All APIs were done pursuant to Stericycle's scheme to fraudulently induce customers to contract with Stericycle, and to deceive them into paying fraudulent price increases.

All such claims were presented to Stericycle's Government customers with the knowledge and approval of Stericycle's top executives including Chief Operating Officer Richard Kogler.

**ANSWER**:  Stericycle denies the allegations of Paragraph 37 of the Complaint.

38.     The foregoing are representative examples of the hundreds of thousands of false claims Defendant submitted to the Governmental customers throughout the United States and in each state where Stericycle does business, including each of the Plaintiff States in this action.

**ANSWER**:  Stericycle denies the allegations of Paragraph 38 of the Complaint.

39.     Each and every claim submitted to the Government subsequent to an API contains a false price or charge and was presented to a governmental customer in violation of the federal False Claims Act or analogous Plaintiff State's false claims act statutes.

**ANSWER**:  Stericycle denies the allegations of Paragraph 39 of the Complaint.

40.     Every false statement made by Defendant either in the claim itself, or used by Defendant to get a false claim paid or approved by the Government, was made in violation of the False Claims Act and/or a related Plaintiff States' false claims act statutes.

**ANSWER**:  Stericycle denies the allegations of Paragraph 40 of the Complaint.

41.     Each time Defendant negotiated and entered into a contract with the Government, Defendant knew, prior to entering into said contract, that it had no intent to abide by the terms of that contract, but instead Defendant knew that it was going to impose an API.  As a result, Defendant fraudulently induced the Government customers to enter into a contract with Defendant in violation of the False Claims Act and/or an analogous Plaintiff States' false claims act statutes.

**ANSWER**:  Stericycle denies the allegations of Paragraph 41 of the Complaint.

42.     Each time Defendant concealed or avoided its obligation to refund an overpayment to the Government, Defendant violated of the False Claims Act and/or an analogous Plaintiff States' false claims act statutes.

**ANSWER**:  Stericycle denies the allegations of Paragraph 42 of the Complaint.

## VII.     THE FALSE CLAIMS ACT

43.     The False Claims Act, 31 U.S.C. §§ 3729 *et seq.*(the "FCA") prohibits the submission of false or fraudulent claims for payment to the United States or the making of false statements for the purpose of causing a false claim to be paid.  The FCA provides that any person who knowingly submits, or causes to be submitted, false or fraudulent claims to the government for payment or approval is liable for a civil penalty of up to $11,000 for each claim, plus three times the amount of damages sustained by the government.  The FCA empowers persons with information regarding false or fraudulent claims made to the government, "relators," to bring an action on behalf of the United States and to share in any recovery.

**ANSWER**:  Stericycle admits the allegations of Paragraph 43 of the Complaint.

44.     For violations occurring before May 20, 2009, the false claims provision of the FCA, at 31 U.S.C. § 3729(a)(1)(1986), provides in pertinent part that a person is liable to the United States government for each instance in which the person "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . [a] false or fraudulent claim for payment or approval."

**ANSWER**:  Stericycle admits the allegations of Paragraph 44 of the Complaint.

45.     For violations occurring on or after May 20, 2009, the false claims provision of the FCA, at 31 U.S.C. § 3729(a)(1)(A) (2009), as amended by the Fraud Enforcement and Recovery Act of 2009 ("FERA"), provides in pertinent part that any person who "knowingly

presents, or causes to be presented, a false or fraudulent claim for payment or approval" shall be liable to the United States Government.

**ANSWER**:  Stericycle admits the allegations of Paragraph 45 of the Complaint.

46.     The false statements provision of the FCA, prior to the FERA amendments, provides that a person is liable to the United States Government for each instance in which the person "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2) (1986). As amended by FERA, the false statements provision of the FCA makes liable any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B) (2009).

**ANSWER**:  Stericycle admits the allegations of Paragraph 46 of the Complaint.

47.     The FCA defines the term "claim" to mean "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded. . . ." 31 U.S.C. § 3729(b)(2)(A) (2009).

**ANSWER**:  Stericycle admits the allegations of Paragraph 47 of the Complaint.

48.     The FCA defines the terms "knowing" and "knowingly" to mean that a person, with respect to information: (1) "has actual knowledge of the information"; (2) "acts in deliberate

ignorance of the truth or falsity of the information"; or (3) "acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b) (1986); 31 U.S.C. § 3729(b)(1)(A) (2009). The FCA further provides that "no proof of specific intent to defraud" is required. 31 U.S.C. § 3729(b) (1986); 31 U.S.C. § 3729(b)(1)(B) (2009).

**ANSWER**: Stericycle admits the allegations of Paragraph 48 of the Complaint.

### FIRST CAUSE OF ACTION
(31 U.S.C. § 3729(A)(1) (1986))

49.     Relator incorporates by reference paragraphs 1 through 48 of this Complaint, as if set forth fully herein.

**ANSWER**: With respect to the allegations of Paragraph 49 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-48 above.

50.     With respect to claims submitted from April 28, 2002 to on or before May 20, 2009, Stericycle, through the use of its price escalation scheme has knowingly presented, or caused to be presented, to an officer or employee of the United States Government, false and fraudulent claims for payment and approval in violation of 31 U.S.C. § 3729(a)(1) (1986).

**ANSWER**: Stericycle denies the allegations of Paragraph 50 of the Complaint.

51.     As a result of this false and fraudulent conduct, the United States Government was damaged in an amount to be determined at trial.

**ANSWER**: Stericycle denies the allegations of Paragraph 51 of the Complaint.

### SECOND CAUSE OF ACTION
(31 U.S.C. § 3729(A)(2) (1986))

52.     Relator incorporates by reference paragraphs 1 through 51 of this Complaint, as if set forth fully herein.

**ANSWER**: With respect to the allegations of Paragraph 52 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-51 above.

53.     With respect to claims submitted from April 28, 2002 to on or before May 20, 2009, Stericycle, through the use of its price escalation scheme has knowingly made, used, or caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the Government in violation of 31 U.S.C. § 3729(a)(2) (1986).

**ANSWER**:  Stericycle denies the allegations of Paragraph 53 of the Complaint.

54.     As a result of this false and fraudulent conduct, the United States Government was damaged in an amount to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 54 of the Complaint.

### THIRD CAUSE OF ACTION
(31 U.S.C. § 3729(A) (7) (1986))

55.     Relator incorporates by reference paragraphs 1 through 54 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 55 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-54 above.

56.     With respect to claims submitted from April 28, 2002 to on or before May 20, 2009, Stericycle, by knowingly overcharging Government accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government in violation of 31 U.S.C. § 3729(a)(7) (1986).

**ANSWER**:  Stericycle denies the allegations of Paragraph 56 of the Complaint.

57.     As a result of this false and fraudulent conduct, the United States Government was damaged in an amount to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 57 of the Complaint.

## FOURTH CAUSE OF ACTION
### (31 U.S.C. § 3729(A)(1)(A) (2009))

58.    Relator incorporates by reference paragraphs 1 through 57 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 58 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-57 above.

59.    With respect to claims submitted on or after May 20, 2009, Stericycle, through the use of the price escalation scheme has knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A). (2009).

**ANSWER**:  Stericycle denies the allegations of Paragraph 59 of the Complaint.

60.    As a result of this false and fraudulent conduct, the United States Government was damaged in an amount to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 60 of the Complaint.

## FIFTH CAUSE OF ACTION
### (31 U.S.C. § 3729(A)(1)(B) (2009))

61.    Relator incorporates by reference paragraphs 1 through 60 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 61 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-60 above.

62.    With respect to claims submitted on or after May 20, 2009, Stericycle, through the use of the price escalation scheme has knowingly made, used, or caused to be made and used, false records and statements material to a false or fraudulent claim in violation of 31 U.S.C. § 3729(a)(1)(B). (2009).

**ANSWER**:  Stericycle denies the allegations of Paragraph 62 of the Complaint.

63.    As a result of this false and fraudulent conduct, the United States Government was damaged in an amount to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 63 of the Complaint.

### SIXTH CAUSE OF ACTION
(31 U.S.C. § 3729(A)(1)(G)(2009))

64.    Relator incorporates by reference paragraphs 1 through 63 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 64 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-63 above.

65.    With respect to claims submitted on or after May 20, 2009, Stericycle, by knowingly overcharging government accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government.

**ANSWER**:  Stericycle denies the allegations of Paragraph 65 of the Complaint.

66.    As a result of this false and fraudulent conduct, the United States Government was damaged in an amount to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 66 of the Complaint.

### SEVENTH CAUSE OF ACTION
(California False Claims Act, Cal. Govt. Code § 12650 *et seq.* (1987))

67.    Relator incorporates by reference paragraphs 1 through 66 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 67 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-66 above.

68. For claims presented from April 28, 2002 to on or before December 31, 2009, Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false and fraudulent claims for payment to officers of the State of California and/or its political subdivisions; (b) knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the State of California and/or its political subdivisions; and (c) by knowingly overcharging accounts of the State of California and/or its political subdivisions, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State of California and/or its political subdivisions, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State of California and/or its political subdivisions.

**ANSWER**: Stericycle denies the allegations of Paragraph 68 of the Complaint.

69. As a result of this false and fraudulent conduct, the State of California and/or its political subdivisions were damaged in amounts to be determined at trial.

**ANSWER**: Stericycle denies the allegations of Paragraph 69 of the Complaint.

**EIGHTH CAUSE OF ACTION**
(California False Claims Act, Cal. Govt. Code § 12650 *et seq.*(2010))

70. Relator incorporates by reference paragraphs 1 through 69 of this Complaint, as if set forth fully herein.

**ANSWER**: With respect to the allegations of Paragraph 70 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-69 above.

71. For claims presented on or after January 1, 2010, Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false

and fraudulent claims for payment or approval by the State of California and/or its political subdivisions; or (b) knowingly made, used, or caused to be made and used, false records and statements material to a false or fraudulent claim in violation of and (c) by knowingly overcharging accounts of the State of California and/or its political subdivisions, and retaining these overpayments, knowingly made, used, or caused to be made or used a false record or statement material to an obligation to pay or transmit money or property to the State of California and/or its political subdivisions, or knowingly concealed or knowingly and improperly avoided, or decreased an obligation to pay or transmit money or property to the State of California and/or its political subdivisions.

**ANSWER**: Stericycle denies the allegations of Paragraph 71 of the Complaint.

72.     As a result of this false and fraudulent conduct, the State of California and/or its political subdivisions were damaged in amounts to be determined at trial.

**ANSWER**: Stericycle denies the allegations of Paragraph 72 of the Complaint.

**NINTH CAUSE OF ACTION**
(Delaware False Claims & False Reporting Act, 6 Del. C. § 1201 *et seq.*))

73.     Relator incorporates by reference paragraphs 1 through 72 of this Complaint, as if set forth fully herein.

**ANSWER**: With respect to the allegations of Paragraph 73 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-72 above.

74.     Stericycle, through the use of a price escalation scheme has (a) knowingly presented, or caused to be presented, to an officer or employee of the Government, as defined by the Delaware False Claims Act, 6 Del. C. § 1202(2), false and fraudulent claims for payment and approval; (b) knowingly made, used, or caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the Government; and (c) by knowingly

overcharging Government accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government.

**ANSWER**:  Stericycle denies the allegations of Paragraph 74 of the Complaint.

75.      As a result of this false and fraudulent conduct, the State of Delaware and its political subdivisions were damaged in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 75 of the Complaint.

**TENTH CAUSE OF ACTION**
(District of Columbia Procurement Reform Amendment Act,
D.C. Code Ann. § 1-1188.13 *et seq.*)

76.      Relator incorporates by reference paragraphs 1 through 75 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 76 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-75 above.

77.      Stericycle, through the use of a price escalation scheme has (a) knowingly presented, or caused to be presented, to an officer or employee of the District of Columbia, false and fraudulent claims for payment and approval; (b) knowingly made, used, or caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the District of Columbia; and (c) by knowingly overcharging District of Columbia accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the District of Columbia, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the District of Columbia.

**ANSWER**:  Stericycle denies the allegations of Paragraph 77 of the Complaint.

78.    As a result of this false and fraudulent conduct, the District of Columbia was damaged in an amount to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 78 of the Complaint.

**ELEVENTH CAUSE OF ACTION**
(Florida False Claims Act, Fla. Stat. Ann. § 68.081 *et seq.*)

79.    Relator incorporates by reference paragraphs 1 through 78 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 79 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-78 above.

80.    Stericycle, through the use of a price escalation scheme has (a) knowingly presented, or caused to be presented, to an officer or employee of an agency of the State of Florida, false and fraudulent claims for payment and approval; (b) knowingly made, used, or caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by an agency of the State of Florida;; and (c) by knowingly overcharging accounts of agencies of the State of Florida, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to agencies of the State of Florida, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to agencies of the State of Florida.

**ANSWER**:  Stericycle denies the allegations of Paragraph 80 of the Complaint.

81.    As a result of this false and fraudulent conduct, the State of Florida was damaged in an amount to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 81 of the Complaint.

## TWELFTH CAUSE OF ACTION
### (Illinois False Claims Act, 740 Ill. Comp. Stat. § 175/1 *et seq*. (2000))

82.     Relator incorporates by reference paragraphs 1 through 81 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 82 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-81 above.

83.     For claims presented from April 28, 2002 to on or before July 27, 2010, Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false and fraudulent claims for payment to officers of the State, as that term is defined by the Illinois False Claims Act, 740 Ill. Comp. Stat. § 175/2(a);  (b) knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the State; and (c) by knowingly overcharging State accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State.

**ANSWER**:  Stericycle denies the allegations of Paragraph 83 of the Complaint.

84.     As a result of this false and fraudulent conduct, the State has been were damaged in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 84 of the Complaint.

## THIRTEENTH CAUSE OF ACTION
### (Illinois False Claims Act, 740 Ill. Comp. Stat. § 175/1 *et seq*. (2010))

85.     Relator incorporates by reference paragraphs 1 through 84 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 85 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-84 above.

86.    For claims presented on or after July 27, 2010, Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval by the State as that term is defined by the Illinois False Claims Act,740 Ill. Comp. Stat. § 175/2(a); or (b) knowingly made, used, or caused to be made and used, false records or statements material to false or fraudulent claims; and (c) by knowingly overcharging State accounts, and retaining these overpayments, knowingly made or used, or caused to be made or used a false record or statement material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided, or decreased an obligation to pay or transmit money or property to the State.

**ANSWER**:  Stericycle denies the allegations of Paragraph 86 of the Complaint.

87.    As a result of this false and fraudulent conduct, the State of Illinois has been damaged in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 87 of the Complaint.

### FOURTEENTH CAUSE OF ACTION
(Indiana False Claims and Whistleblower Protection Act,
Ind. Code Ann. § 5-11-5.5-1 *et seq.* (2005))

88.    Relator incorporates by reference paragraphs 1 through 87 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 88 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-87 above.

89.    For claims presented on or after January 1, 2005, Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval by the State of Indiana; or (b) knowingly made or

used, false records and statements material to obtain payment or approval of a false claim from the State of Indiana and (c) by knowingly overcharging State accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used a false record or statement to avoid an obligation to pay or transmit property to the State of Indiana.

**ANSWER**:  Stericycle denies the allegations of Paragraph 89 of the Complaint.

90.     As a result of this false and fraudulent conduct, the State of Indiana in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 90 of the Complaint.

**FIFTEENTH CAUSE OF ACTION**
(Massachusetts False Claims Law, Mass. Gen. Laws Ch. 12 § 5 *et seq*. (2000))

91.     Relator incorporates by reference paragraphs 1 through 90 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 91 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-90 above.

92.     Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval by the Commonwealth of Massachusetts or its political subdivisions; or (b) knowingly made, used, or caused to be made and used, false records or statements to obtain payment or approval of a claim by the Commonwealth or any political subdivision thereof; and (c) by knowingly overcharging Commonwealth accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used a false record or to conceal, avoid, or decrease an obligation to pay or to transmit money or property to the commonwealth or political subdivision thereof.

**ANSWER**:  Stericycle denies the allegations of Paragraph 92 of the Complaint.

93.     As a result of this false and fraudulent conduct, the Commonwealth of Massachusetts or its political subdivisions in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 93 of the Complaint.

### SIXTEENTH CAUSE OF ACTION
(Nevada False Claims Act, Nev. Rev. Stat. Ann. § 357.010 *et seq*. (2000))

94.     Relator incorporates by reference paragraphs 1 through 93 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 94 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-93 above.

95.     Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false claims for payment or approval by the State of Nevada and/or its political subdivisions; (b) knowingly made, used, or caused to be made or used, false records and statements to obtain payment or approval of a false claim by the State of Nevada and/or its political subdivisions; and (c) by knowingly overcharging accounts of the State of Nevada and/or its political subdivisions, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the State of Nevada or its political subdivisions.

**ANSWER**:  Stericycle denies the allegations of Paragraph 95 of the Complaint.

96.     As results of this false and fraudulent conduct, the State of Nevada and/or its political subdivisions have been were damaged in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 96 of the Complaint.

**SEVENTEENTH CAUSE OF ACTION**
(New Jersey False Claims Act, N.J. Stat. Ann. § 2a:32C)

97.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 97 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-96 above.

98.     Stericycle, through the aforementioned price escalation scheme (a) knowingly presented or caused to be presented to an employee, officer or agent of the State of New Jersey, false or fraudulent claims for payment or approval; or (b) knowingly made, used, or caused to be made or used false records or statements to get false or fraudulent claims paid or approved by the State of New Jersey; and (c) by knowingly overcharging State of New Jersey accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State of New Jersey.

**ANSWER**:  Stericycle denies the allegations of Paragraph 98 of the Complaint.

99.     As a result of this false and fraudulent conduct, the State of New Jersey in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 99 of the Complaint.

**EIGHTEENTH CAUSE OF ACTION**
(North Carolina False Claims Act,
52 N.C. General Statutes, § 1-605-618 (2009))

100.    Relator incorporates by reference paragraphs 1 through 99 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 100 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-99 above.

101.    For claims presented on or after January 1, 2009, Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval by the State of North Carolina; or (b) knowingly made, used, or caused to be made and used, false records or statements material to false or fraudulent claims; and (c) by knowingly overcharging State accounts, and retaining these overpayments, knowingly made or used, or caused to be made or used a false record or statement material to an obligation to pay or transmit money or property to the State of North Carolina, or knowingly concealed or knowingly and improperly avoided, or decreased an obligation to pay or transmit money or property to the State of North Carolina.

**ANSWER**:  Stericycle denies the allegations of Paragraph 101 of the Complaint.

102.    As a result of this false and fraudulent conduct, the State of North Carolina has been damaged in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 102 of the Complaint.

**NINETEENTH CAUSE OF ACTION**
(Rhode Island False Claims Act, R.I. General Laws § 9-1.1)

103.    Relator incorporates by reference paragraphs 1 through 102 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 103 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-102 above.

104.    For claims presented on or after January 1, 2008, Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, to an officer or employee of the State of Rhode Island as that term is defined by the Rhode Island False Claims Act, false or fraudulent claims for payment or approval; or (b) knowingly made, used, or caused to be made and used, false records or statements to get false or fraudulent claims

paid or approved by the state of Rhode Island;; and (c) by knowingly overcharging State accounts, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the State of Rhode Island.

**ANSWER**:  Stericycle denies the allegations of Paragraph 104 of the Complaint.

105.    As a result of this false and fraudulent conduct, the State of Rhode Island has been damaged in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 105 of the Complaint.

## TWENTIETH CAUSE OF ACTION
(Tennessee False Claims Act, Tenn. Code Ann. § 4-18-101 *et seq.*)

106.    Relator incorporates by reference paragraphs 1 through 105 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 106 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-105 above.

107.    Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, to an officer or employee of the State of Tennessee and/or political subdivisions thereof, false or fraudulent claims for payment or approval; or (b) knowingly made, used, or caused to be made and used, false records or statements to get false claims paid or approved by the State of Tennessee and/or political subdivisions thereof; and (c) by knowingly overcharging accounts of the State of Tennessee and/or political subdivisions thereof, and retaining these overpayments, knowingly made, used, or caused to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the State of Tennessee and/or political subdivisions thereof.

**ANSWER**:  Stericycle denies the allegations of Paragraph 107 of the Complaint.

108.     As a result of this false and fraudulent conduct, the State of Tennessee and/or political subdivisions thereof have been damaged in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 108 of the Complaint.

### TWENTY-FIRST CAUSE OF ACTION
(Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.1 *et seq*.)

109.     Relator incorporates by reference paragraphs 1 through 108 of this Complaint, as if set forth fully herein.

**ANSWER**:  With respect to the allegations of Paragraph 109 of the Complaint, Stericycle incorporates by reference its answers to Paragraphs 1-108 above.

110.     Stericycle, through the aforementioned price escalation scheme (a) knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval by the Commonwealth of Virginia; (b) knowingly made, used, and caused to be made and used, false records and statements material to false or fraudulent claims; and (c) knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Commonwealth of Virginia or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Commonwealth.

**ANSWER**:  Stericycle denies the allegations of Paragraph 110 of the Complaint.

111.     As a result of this false and fraudulent conduct, the Commonwealth of Virginia and of political subdivisions thereof have been damaged in amounts to be determined at trial.

**ANSWER**:  Stericycle denies the allegations of Paragraph 111 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the doctrine of accord and satisfaction because Plaintiffs have submitted payments to Stericycle at various times pursuant to a shared intent to settle a bona fide dispute over an unliquidated amount owed to Stericycle pursuant to allegedly improper price increases and Stericycle accepted those payments as full satisfaction of Plaintiffs' contractual obligations.

## THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, because a novation occurred when certain Plaintiffs at various times entered into new, valid contracts with Stericycle by mutual agreement that contained new pricing terms and which extinguished their prior contract with Stericycle and any prior debt obligation owed to Stericycle thereunder.

## FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the doctrine of estoppel because at various times certain Plaintiffs intentionally paid outstanding invoices owed to Stericycle knowing that they contained allegedly improper price increases, Stericycle reasonably relied upon those payments as evidence of Plaintiffs' consent to the price increases, and as a result Stericycle relied to its detriment and continued to provide services to Plaintiffs and incur the costs associated with those services pursuant to their contracts.

## FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, because at various times each of them intentionally and knowingly waived their right to contest the allegedly improper price increases, either when they contacted Stericycle to discuss the allegedly improper price increases and thereafter agreed to the existing or new price increases in their contracts or when they continued to pay their invoices to Stericycle and demand that Stericycle continue to provide

services to them pursuant to the contract without disputing the allegedly improper price increases.

## SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the doctrine of laches because at various times each of them received invoices from Stericycle knowing that they contained allegedly improper price increases and they engaged in undue delay and unreasonable lack of diligence by failing to take any action to dispute the allegedly improper price increases and instead continued to pay their invoices and acquiesce to the new prices for a significant period of time. This was to Stericycle's prejudice because it led Stericycle to continue to provide services to Plaintiffs and incur the costs associated with those services with the expectation that Plaintiffs would continue to pay the invoice price for those services pursuant to their contracts with Stericycle.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, because Stericycle provided services for the benefit of Plaintiffs pursuant to their contracts, and to the extent Stericycle's invoices contained allegedly improper price increases, Plaintiffs ratified Stericycle's services and pricing by either expressly ratifying Stericycle's conduct or implicitly acquiescing and failing to repudiate Stericycle's conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the voluntary payment doctrine because at various times Plaintiffs received invoices demanding payment of amounts due Stericycle for services that included allegedly improper price increases and Plaintiffs voluntarily paid those invoiced amounts due to Stericycle under Stericycle's claim of right to payment for

the services it provided with full knowledge of the facts surrounding the claim of right to payment and without compulsion or duress.

## NINTH AFFIRMATIVE DEFENSE

Certain of the Plaintiffs' claims are barred, in whole or in part, because Plaintiffs previously entered into a valid agreement with Stericycle whereby they intentionally and knowingly released Stericycle from liability for any claimed damages due to allegedly improper price increases.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, because Plaintiffs failed to mitigate their own damages when they voluntarily paid Stericycle for invoiced amounts due that included allegedly improper price increases without (i) attempting to have the charges reduced by contacting Stericycle to dispute or negotiate the alleged improper price increases; (ii) without attempting to terminate their contract with Stericycle to avoid the allegedly improper charges and/or (iii) without attempting to obtain substitute agreements for services from someone other than Stericycle.

Stericycle is presently without knowledge or information sufficient to form a belief as to whether it has additional, yet unasserted, affirmative defenses. Stericycle, therefore reserves the right to assert additional affirmative defenses if it acquires knowledge or information supporting such defenses.

WHEREFORE, Stericycle prays that Plaintiffs' Second Amended Complaint and each and every cause of action alleged therein, be dismissed with prejudice, that it be awarded its costs and attorneys' fees incurred herein, and that the Court award such other and further relief as it deems just in the premises.

DATED this 4th day of September, 2013.

Respectfully submitted,

/s/ Raymond J. Etcheverry

Paul E. Chronis                                    Raymond J. Etcheverry *(admitted pro hac vice)*
Elinor L. Hart                                     Mark A. Glick *(admitted pro hac vice)*
Duane Morris LLP                                   Cory D. Sinclair *(admitted pro hac vice)*
190 S. LaSalle Street, Suite 3700                  PARSONS BEHLE & LATIMER
Chicago, Illinois 60603                            201 South Main Street, Suite 1800
Telephone:  (312) 499-6700                         Salt Lake City, UT  84111
Email:  PEChronis@duanemorris.com                  Telephone:  (801) 532-1234
EHart@duanemorris.com                              Facsimile:  (801) 536-6111
                                                   E-mail:  REtcheverry@parsonsbehle.com
                                                   mglick@parsonsbehle.com
                                                   csinclair@parsonsbehle.com

                                                   *Counsel for Defendant*

4813-9696-0021.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/ Raymond J. Etcheverry
_____