UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>THE STATES OF CALIFORNIA,<br>DELAWARE, FLORIDA, ILLINOIS,<br>INDIANA, MASSACHUSETTS,<br>NEVADA, NEW HAMPSHIRE, NEW<br>JERSEY, NEW YORK, NORTH<br>CAROLINA, RHODE ISLAND,<br>TENNESSEE, VIRGINIA and THE<br>DISTRICT OF COLUMBIA,<br>*ex rel*. JENNIFER D. PEREZ,<br><br>   Plaintiffs,<br><br>   -v-<br><br>STERICYCLE, INC.,<br><br>   Defendant. | Case No. 1:08-cv-02390<br><br>Hon. George M. Marovich |

## RELATOR'S MEMORANDUM IN SUPPORT OF MOTION
## TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff-Relator Jennifer Perez ("Relator") submits this Memorandum of Law in support of her motion to strike defendant Stericycle, Inc.'s Affirmative Defenses.

### I.   INTRODUCTION

In its Answer to Second Amended Complaint, Doc. # 48, defendant Stericycle, Inc. ("Stericycle" or "Defendant") asserted ten affirmative defenses all of which should be stricken as they fail to meet the pleading standards of Rule 8(a). In addition, defenses Second through Tenth should be stricken because those defenses are unavailable as a matter of law when the government is the plaintiff in a False Claims Act case. For the reasons set forth herein, Relator moves to strike those affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure.

## II.   DEFENDANT'S "BARE BONES CONCLUSORY" AFFIRMITIVE DEFENSES SHOULD BE STRICKEN AS LEGALLY INSUFFICIENT

Affirmative defenses must comply with the pleading requirements of the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 8(a).   *See Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).   As a general matter, Defendant's affirmative defenses contain nothing more than unsupported legal conclusions and, thus, should be stricken as legally insufficient.   In *Heller Financial, Inc.*, the Seventh Circuit employed a three-part test to evaluate whether affirmative defenses were sufficient: (1) whether the affirmative defense is a mislabeled denial; (2) if it is an appropriate affirmative defense, whether it has been adequately pled under the Federal Rules of Civil Procedure; and (3) whether the affirmative defense is legally sufficient under Fed. R. Civ. P. 12(b)(6).   *Heller,* 883 F.2d at 1294-95, *citing Bobbitt v. Victorian House, Inc.,* 532 F. Supp. 734, 737 (N.D. Ill. 1982) (Shadur, J.).

In connection with the second prong of this analysis, affirmative defenses are considered pleadings and, thus, are subject to the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. As such, affirmative defenses must set forth a "short and plain statement" of each affirmative defense.   *Heller,* 883 F.2d at 1295 (quoting *Bobbitt*, 532 F. Supp. at 737). The Seventh Circuit has ruled that "bare bones conclusory" affirmative defenses are legally insufficient.   *Id*.   Thus, Defendant must plead the necessary elements of each of the claimed defenses. *See Heller*, 883 F.2d at 1295.[1]

Defendant's "bare bones conclusory" affirmative defenses fail to appraise Relator's counsel and this court of the factual predicates supporting such defenses. Thus, because

---

[1]      *See also N.S.D., Inc. v. United Parcel Service, Inc.,* 1992 WL 75002, at *3 (N.D. Ill. Apr. 10, 1992) (Reinhard, J.) (district court struck as legally deficient defendant's estoppel defense when it failed to plead a necessary element of the defense).

Defendant has omitted any factual basis and has failed to set forth the necessary elements of its

defenses, *all of Defendant's affirmative defenses* should be stricken as legally insufficient.

> **III.  DEFENDANT HAS IMPROPERLY INVOKED THE DEFENSES OF
> WAIVER, RELEASE, ESTOPPEL, AND LACHES**

> **A.  The United States is the Real Party in Interest in a False Claims Act Action**

In addition to Defendant's failure to properly plead its affirmative defenses,

Stericycle has asserted defenses which are entirely improper in the context of a False Claims Act

lawsuit.  For instance, Defendant has asserted the defenses of, *inter alia*, waiver, release,

estoppel, and laches, when those defenses are not available against the United States.  Indeed, the

United States remains the real party in interest in all False Claims Act cases – regardless of

whether the Government intervenes.  *United States ex rel. Lusby v. Rolls-Royce Corp.,* 570 F.3d

849, 852 (7th Cir. 2009).  Further, the affirmative defense of laches is unavailable in the instant

case due to the presence of statutes of limitations in the federal and state False Claims Acts.  In

the end, none of the equitable affirmative defenses asserted by Defendant have any application to

a False Claims Act action.  *See, e.g., U.S. ex rel. Liotine v. CDW Gov't, Inc.,* 2012 WL 2807040,

at *15 (S.D. Ill. July 10, 2012) ("affirmative defenses of wavier, estoppel, and laches are not

available against the United States").[2]

> **B.  Waiver, Release, Ratification, and Novation
> Are Not Valid Affirmative Defenses In a False Claims Act Case**

Defendant asserts that Relator's claims are barred by the doctrines of novation

(Third Affirmative Defense), waiver (Fifth), ratification (Seventh), release (Ninth), and failure to

---

[2]      Because the state False Claims Acts invoked in this case are substantively similar to the
federal False Claims Act with respect to the issues raised by this motion, "the state statutes may
be construed consistently with the federal act."  *See, e.g., New York v. Amgen Inc.,* 652 F.3d 103,
109 (1st Cir. 2011), *citing* cases decided under the California, Illinois, Indiana, and
Massachusetts False Claims Acts.

mitigate damages (Tenth).[3]   As described by Defendant in its Answer, however, each of these

defenses are variations on the same theme:  because a government contracting officer may have

agreed to modified terms after objecting to Defendant's fraudulent price increases, the

contracting officer somehow agreed to waive, release, settle or resolve a dispute with Defendant

and in the process gave away the Government's rights under the False Claims Act.[4]   No matter

how the defense is labeled, however, such defenses are invalid as a matter of law.

Waiver based upon the actions of Government officials in continuing to accept an

item or service after being notified of defects in the item or service it is not a valid affirmative

defense to a False Claims Act action; Government employees do not have the authority to waive

fraud against the Government.  In fact, federal agencies other than the Department of Justice are

statutorily prohibited from compromising civil fraud claims.  41 U.S.C. § 7103(c) (originally

codified as 41 U.S.C. § 605(a)); 31 U.S.C. § 3711(b)(1); *Martin J. Simko Constr., Inc. v. United

States*, 852 F.2d 540, 544 (Fed. Cir. 1988).  Indeed, Defendant makes no allegation that the

Department of Justice (or any analogous state agency) has taken any action to waive or release

---

[3]     Defendant's Tenth Affirmative Defense does not allege a failure to mitigate damages in
the conventional sense in terms of a plaintiff's duty to minimize damages following a
defendant's breach of contract or commission of a tortuous act.  Defendant instead contends that
because a government official may not have objected to Defendant's fraudulent price increases
and sought to negotiate a lower price, or obtain medical waste disposal services from another
vendor, the False Claims Act claims are somehow waived.  There is no basis in the law for such
a proposition.

[4]     Novation is the substitution of a new obligation for an existing one, which is thereby
extinguished.  *Faith v. Martoccio,* 21 Ill. App. 3d 999, 316 N.E.2d 164, 167 (1974). The four
elements of a novation are: "[1] a previous, valid obligation; [2] a subsequent agreement of all
the parties to the new contract; [3] the extinguishment of the old contract; and [4] the validity of
the new contract." *Phillips & Arnold, Inc. v. Frederick J. Borgsmiller, Inc.,* 123 Ill. App. 3d 95,
101, 462 N.E.2d 924, 928 (1984). For there to be a novation, the obligee must assent to the
substitution and agree to release the obligor. *Id.,* 462 N.E.2d at 928-29; *see generally Cincinnati
Ins. Co. v. Leighton,* 403 F.3d 879, 887 (7th Cir. 2005).  In other words, a valid novation requires
a release of claims, and a contracting officer is not authorized to waive or release False Claims
Act claims.

any of the claims at issue this case. Congress never intended that contracting officers should have the power to vitiate the False Claims Act. *United States v. National Wholesalers*, 236 F.2d 944, 950 (9th Cir. 1956), *cert. denied,* 353 U.S. 930 (1957) (court rejected the defendant's argument that the contracting officer's acceptance of falsely labeled generators as "equals" under the terms of the contract; such a modification of the contract to allow lesser performance than what was due the Government would be "void as against public policy"). The Supreme Court has stated:

> Protection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of the law . . . [T]hose who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law.

*Heckler v. Community Health Servs.*, 467 U.S. 51, 63 (1984). *See also United States ex rel. Liotine,* 2012 WL 2807040 at *15 ("affirmative defense[] of waiver . . . [is] not allowed against the United States"). Accordingly, Defendant's Third (novation), Fifth (waiver), Seventh (ratification), Ninth (release), and Tenth (failure to mitigate damages) Affirmative Defenses should be stricken.[5]

### C. Estoppel is Not a Valid Affirmative Defense Against the United States

Defendant's Fourth Affirmative Defense asserts that Relator's claims are barred by the doctrine of estoppel. As is the case with waiver, estoppel is not available to Defendant in this False Claims Act case. Estoppel cannot be asserted against the United States on the same terms as against other litigants. *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 419 (1990). Furthermore, estoppel is not a defense against the United States in a suit to recover public funds.

---

[5] To the extent that the defenses of accord and satisfaction (First) and voluntary payment (Eighth) entail a waiver of rights under the False Claims Act, they too should be stricken. *See also* Part IV, *infra.*

*Id.* at 423-24. In *Richmond*, the Supreme Court reaffirmed that "claims for estoppel cannot be entertained where public money is at stake." *Id*. at 427. The Court noted that it had reversed every finding of estoppel against the Government that it had reviewed, and that "[e]ven our recent cases evince a most strict approach to estoppel claims involving public funds." *Id.* at 426.

To establish a defense of estoppel, Defendant would have to allege affirmative misconduct by the Government, in addition to alleging the elements of estoppel. *See Heckler*, 467 U.S. at 60; *Hakimi v. Immigration & Naturalization Serv.*, 72 F.3d 132, 1995 WL 746193, at *2 (7th Cir. Dec. 13, 1995); *Mendoza-Hernandez v. Immigration & Naturalization Serv.*, 664 F.2d 635, 639 (7th Cir. 1981). In the absence of affirmative Government misconduct – of which there is no allegation in this case – the Government's acts or omissions cannot prevent the United States from asserting its rights over public funds. Thus, Defendant cannot assert estoppel here to "retain money that it should never have received in the first place." *Heckler*, 467 U.S. at 61; *see also Unites States ex rel. Liotine*, *supra*. Defendant's Fourth Affirmative Defense of estoppel should be stricken.

D. **Laches Is Not a Valid Affirmative Defense Against the United States**

Defendant's Sixth Affirmative Defense asserts that the claims alleged in Relator's Complaint are barred by the doctrine of laches. Laches, however, can never be applied against the United States when it acts in its governmental function to enforce a public right or to protect the public interest. The Supreme Court held in *United States v. Summerlin*, 310 U.S. 414 (1940), that "[i]t is well settled that the United States is not . . . subject to the defense of laches in enforcing its rights." *Id.* at 416; *see also Silverman v. Commodity Futures Trading Comm'n*, 549 F.2d 28, 34 (7th Cir. 1977).

Furthermore, actions brought pursuant to statutory enactments that contain a statute of limitations such as the False Claims Act are not subject to laches. *See Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitations is definitive.") (citation omitted); *Morgan v. Koch*, 419 F.2d 993, 996 (7th Cir. 1969) (where a litigant is seeking to enforce federal and state rights in law only, the applicable statute of limitations controls rather than laches); *see also United States v. Mack*, 295 U.S. 480, 489 (1935). The federal and state False Claims Acts each contains a statute of limitations. *See, e.g.,* 31 U.S.C. § 3731(b); Cal. Gov't Code § 12654(a); 740 Ill. Comp. Stat. § 175/5(b). Accordingly, Defendant's Sixth Affirmative Defense of laches must, as a matter of law, be dismissed. *See United States ex rel. Liotine*, *supra*.

## IV. ACCORD AND SATISFACTION AND VOLUNTARY PAYMENT ARE NOT VALID AFFIRMATIVE DEFENSES TO A FALSE CLAIMS ACT CASE

Defendant asserts that Relator's claims are barred by the doctrines of accord and satisfaction (Second Affirmative Defense) and voluntary payment (Eighth). Neither of these are proper defenses to a False Claims Act case.

The doctrine of accord and satisfaction typically is an affirmative defense to a breach of contract claim. *See Eagle Maint. Servs., Inc. v. D.C. Contract Appeals Bd.*, 893 A.2d 569, 582 (D.C. App. 2006). Because this is not a breach of contract case, "the concept of accord and satisfaction is irrelevant." *Id.*

Likewise, the voluntary payment doctrine does not apply here. The doctrine has been described as follows: "absent *fraud, misrepresentation* or mistake of fact, money that is voluntarily paid under a claim of right to the payment and with full knowledge of the facts by the

payer cannot be recovered unless the payment was made as a result of compulsion." *Flournoy v. Ameritech*, 351 Ill. App. 3d 583, 587, 814 N.E.2d 585, 589 (2004) (emphasis added). The False Claims Act is an anti-fraud statute. *U. S. ex rel. Marcus v. Hess*, 317 U.S. 537, 551 (1943) ("We think the chief purpose of the [False Claims Act] . . . was to provide for restitution to the government of money taken from it by fraud . . . ."). Thus by its very definition, voluntary payment is not a defense to a False Claims Act action.

Indeed, "the voluntary payment doctrine does not apply to payments by government officials which are later determined to have been *ultra vires*." *Eagle Maint. Servs.,* 893 A.2d at 582*, citing United States v. Bentley,* 107 F.2d 382, 384 (2d Cir. 1939) and *Heidt v. United States,* 56 F.2d 559, 560 (5th Cir. 1932), *cert. denied,* 287 U.S. 601 (1932); *see also United States v. Wurts,* 303 U.S. 414, 415 (1938) ("The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid."). Further, the voluntary payment doctrine is not applicable to "transactions that involve violations of statutorily-defined public policy." *Pratt v. Smart Corp.*, 968 S.W.2d 868, 872 (Tenn. App. 1997). And, finally, because voluntary payment is considered to be "an affirmative defense to a suit for breach of contract," *Eagle Maint. Servs.,* 893 A.2d at 582, the defense does not apply in the context of a False Claims Act case.[6]

For the reasons presented, Defendant's affirmative defenses of accord and satisfaction and voluntary payment should be stricken.

---

[6]     Florida has abrogated the doctrine by statute. *See* Fla. Stat. § 725.04 (2012); *see also Prudential Ins. Co. of Am. v. Clark*, 456 F.2d 932, 935 (5th Cir. 1972) (Fla. Stat. § 725.04 "negates the common law defense of voluntary payment").

## <u>CONCLUSION</u>

For the reasons presented, Relator's motion to strike defendant's affirmative defenses should be granted.

Dated: September 25, 2013

Respectfully Submitted,

      */s/ James T. Ratner*
James T. Ratner
Attorney *Pro Hac Vice*
P.O. Box 1035
Woodstock, NY 12498
Tel.: (845) 688-5222
Email: jamestratner@yahoo.com

Michael C. Rosenblat
Michael C. Rosenblat, P.C.
707 Skokie Boulevard, Suite 600
Northbrook, Illinois 60062-2841
Tel.: (847) 480-2390
Email: mike@rosenblatlaw.com

David A. Koenigsberg
Menz Bonner Komar & Koenigsberg LLP
444 Madison Avenue, 39th Floor
New York, New York 10022
Tel.: (212) 223-2100
Email: dkoenigsberg@mbkklaw.com
[Motion for Admission *Pro Hac Vice* Pending]

*Attorneys for Relator Jennifer Perez*