IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, AND THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, MASSACHUSETTS, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA, AND THE DISTRICT OF COLUMBIA, EX REL. JENNIFER D. PEREZ, <br><br> Plaintiffs, <br><br> vs. <br><br> STERICYCLE, INC., <br><br> Defendant. | CASE NO. 08CV02390 <br><br> JUDGE HON. GEORGE M. MAROVICH |

## **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

Pursuant to the Court's Minute Entry, ECF No. 52, Defendant Stericycle, Inc. ("Stericycle") respectfully submits this Memorandum of Points and Authorities in Opposition to Plaintiff-Relator's Motion to Strike Defendant's Affirmative Defenses (hereinafter referred to as "Plaintiffs' Motion"), ECF No. 50.

### **INTRODUCTION**

On July 23, 2013, Plaintiffs filed their Second Amended Complaint, asserting twenty-one causes of action, including six purported violations of the False Claims Act and fifteen purported violations of various state false claims acts. (Second Am. Compl., ECF No. 42.) Plaintiffs contend that Stericycle imposed certain price increases on some of its local, state, and federal government customers without contractual authorization. (*Id.* ¶ 14.) Plaintiffs further allege that Stericycle fraudulently induced its government customers to enter into service contracts that Stericycle had no intention of honoring. (*Id.* at ¶ 15.) On September 4, 2013, Stericycle

answered by denying all substantive allegations, and asserting ten affirmative defenses. (Answer to Second Am. Compl. (hereinafter referred to as "Answer"), ECF No. 48.)

Plaintiffs are now seeking the drastic and disfavored remedy of striking Stericycle's affirmative defenses before any discovery has taken place. Plaintiffs offer three arguments in support of their motion: (i) Stericycle's affirmative defenses do not satisfy Rule 8; (ii) two of Stericycle's affirmative defenses are rooted in contract theory and are therefore improper; and (iii) five of Stericycle's affirmative defenses are purportedly improper in a case involving the False Claims Act.[1] None of Plaintiffs' arguments are sufficient to justify the extraordinary remedy Plaintiffs are seeking.

As described in more detail below, Stericycle's affirmative defenses are well-pled and sufficiently describe the facts on which the defenses are based. Moreover, the asserted defenses have been recognized in this and other circuits as legitimate defenses to an alleged False Claims Act violation. Indeed, several of Stericycle's affirmative defenses relate directly to the government's knowledge about Stericycle's pricing policy prior to entering into a service agreement with Stericycle. It is well recognized that government knowledge is a defense in False Claims Act cases where it is alleged that information was withheld from the government. Finally, Plaintiffs allege that Stericycle lacked the contractual authority to adjust the service price—an allegation that Stericycle strongly denies.[2] However, despite these allegations, Plaintiffs are now seeking to strike Stericycle's affirmative defenses and effectively preclude

---

[1] Plaintiffs also argue that Stericycle's Fourth and Sixth Affirmative Defenses are improper. Upon further examination, Stericycle will voluntary strike, without prejudice, its Fourth and Sixth Affirmative Defenses (Estoppel and Laches, respectively). Although these two affirmative defenses have been recognized as possible defenses to an alleged False Claims Act violation in limited circumstances, Stericycle agrees to voluntarily strike these two defenses at this time to focus discovery on its remaining affirmative defenses.

[2] Plaintiffs do not allege that Stericycle was prohibited by statute from adjusting the customer's price. Rather, Plaintiffs' sole basis for their alleged False Claims Act violations is that Stericycle lacked contractual authority to adjust the service price. As described herein, these questions of law and fact necessarily require that discovery be taken on the affirmative defenses raised by Stericycle and should not be stricken at this preliminary stage of litigation.

discovery on these issues by arguing that this is not a breach of contract case. Given the allegations in the Second Amended Complaint, discovery must be taken, at a minimum, on the parties' knowledge, the contractual rights of each party, and the parties' actions after a contract was negotiated and executed. Each defense relates directly to the facts alleged in the Second Amended Complaint, and each defense is sufficiently described to satisfy Rule 8(b) of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' Motion should be denied and discovery should proceed.

## STANDARD TO STRIKE AFFIRMATIVE DEFENSES

Motions to strike affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure are disfavored. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). This motion may only be granted if "it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and are inferable from the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Affirmative defenses should not be stricken if they are sufficient as a matter of law or if they present questions of law or fact. *Heller*, 883 F.2d at 1294. Put differently, affirmative defenses should only be stricken if the defense is "patently defective." *Bobbit v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982) (citing 5 Wright and Miller, Federal Practice and Procedure § 278 at 351-52). As described below, Plaintiffs' Motion should be denied because it does not satisfy this standard.

## ARGUMENT

### I. STERICYCLE HAS FULLY COMPLIED WITH RULE 8(b).

Plaintiffs first argue that none of Stericycle's ten affirmative defenses satisfies Rule 8 of the Federal Rules of Civil Procedure. (Plaintiffs' Motion 2-3.) Rule 8(b) of the Federal Rules of Civil Procedure requires that each affirmative defense must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). A motion to strike an affirmative defense may only be granted if the short and plain statement is patently defective such that it is impossible for the defendants to prove a set of facts in support of the affirmative

defense that would defeat the complaint. *Bobbitt*, 532 F. Supp. at 737. Here, Stericycle has asserted factual allegations to support the elements of each respective affirmative defense.[3]

Stericycle's Second Affirmative Defense is accord and satisfaction.[4] (Answer 33.) Under Illinois law, to constitute accord and satisfaction, there must be an honest dispute between the parties, a tender with explicit understanding of both parties that it was in full payment of all demands, and an acceptance by the creditor with the understanding that the tender is accepted in full payment. *W.E. Erikson Const., Inc. v. Congress-Kenilworth Corp.*, 132 Ill. App. 3d 260, 269 (Ill. App. Ct. 1985). Stericycle's Second Affirmative Defense is a short and plain statement outlining each element set forth above. Specifically, Stericycle asserts that Plaintiffs submitted payments with a shared intent to settle a bona fide dispute between the parties and that Stericycle accepted those payments as full satisfaction of Plaintiffs' contractual obligations. (Answer 33.) Plaintiffs offer no legal support for their blanket assertion that this is a "bare bones conclusory" defense. Rather, it is a short and plain statement with sufficient factual allegations to support each element under Illinois law. Accordingly, this defense should not be stricken.

Similarly, Stericycle's Third Affirmative Defense is novation. (Answer 33.) Under Illinois law, the elements of novation are a previous, valid obligation; a subsequent agreement by all parties of a new agreement; the extinguishment of the prior agreement; and the validity of the new contract. *Phillips & Arnold, Inc. v. Frederick J. Borgsmiller, Inc.*, 123 Ill. App. 3d 95, 101 (Ill. App. 1984). In its Second Affirmative Defense, Stericycle asserted that Plaintiffs and Stericycle at times entered into new, valid contracts by mutual agreement that contained new pricing terms and that extinguished their prior contract and any prior debt obligation owed to Stericycle thereunder. (Answer 33.) As it did in its Second Affirmative Defense, Stericycle set

---

[3] In this section, Stericycle addresses Plaintiffs' argument that the affirmative defenses are not sufficiently described. In Sections II and III below, Stericycle addresses Plaintiffs' argument that certain affirmative defenses are not appropriate in a False Claims Act matter.

[4] Stericycle's First Affirmative Defense is that the Plaintiffs' claims are barred by the relevant statute of limitations. This defense is clear on its face and particularly relevant in this case given the seventeen different statutes (two versions of the False Claims Act and the various state law claims) that went into effect at various times.

forth a short, plain statement, with sufficient factual allegations to support each element under Illinois law. Plaintiffs offer no legal authority to challenge this conclusion. Accordingly, this defense should not be stricken.

Stericycle's Fifth Affirmative Defense is waiver. (Answer 33-34.) Waiver is the express or implied voluntary and intentional relinquishment of a known and existing right. *Wolfram Partnership v. LaSalle Nat. Bank*, 328 Ill. App. 3d 207, 223 (Ill. App. 2002). Parties to a contract may waive provisions contained in the contract for the benefit and such waiver can be established by the parties' conduct. *Id.* Here, Stericycle has asserted that Plaintiffs have voluntarily waived any claims against Stericycle stemming from the alleged improper price increases. (Answer 35.) Waiver is a well-recognized defense that Stericycle has sufficiently described through its short and plain statement. *See Houshold Financial Servcs., Inc. v. Northeastern Mortgage Invest.*, No. 00-0667, 2000 WL 816795, at *3 (N.D. Ill. June 22, 2000) (refusing to strike waiver affirmative defense with similar factual allegations to those asserted by Stericycle). Accordingly, this defense should not be stricken.

Stericycle's Seventh Affirmative Defense is ratification. (Answer 34.) In Illinois, ratification may be found when an entity, with knowledge of the material facts of the alleged improper transaction, retains and enjoys the benefits of the transaction. *Terminal Freezers v. Roberts Frozen Foods*, 41 Ill. App. 3d 981, 987 (Ill. App. 1976). Moreover, the ratification need not be express, but may be implied from the conduct of the parties. *Id.* Stericycle has asserted that ratification occurred because Plaintiffs retained the benefit that Stericycle provided and Plaintiffs were fully aware of the pricing policy, which consisted of allegedly improper price increases. (Answer 34.) As with other similar affirmative defenses, this defense relates directly to the government's knowledge when it first entered into a service agreement with Stericycle, and the actions it took after the pricing policy became known. This short, plain statement is sufficient to satisfy Rule 8 and should not be stricken at this stage.

Stericycle's Eighth Affirmative Defense is that the voluntary payment applies to the payments at issue. (Answer 34-35.) The voluntary payment doctrine is a complete bar to

5
4818-6218-3702.1

forth a short, plain statement, with sufficient factual allegations to support each element under Illinois law. Plaintiffs offer no legal authority to challenge this conclusion. Accordingly, this defense should not be stricken.

Stericycle's Fifth Affirmative Defense is waiver. (Answer 33-34.) Waiver is the express or implied voluntary and intentional relinquishment of a known and existing right. *Wolfram Partnership v. LaSalle Nat. Bank*, 328 Ill. App. 3d 207, 223 (Ill. App. 2002). Parties to a contract may waive provisions contained in the contract for the benefit and such waiver can be established by the parties' conduct. *Id.* Here, Stericycle has asserted that Plaintiffs have voluntarily waived any claims against Stericycle stemming from the alleged improper price increases. (Answer 35.) Waiver is a well-recognized defense that Stericycle has sufficiently described through its short and plain statement. *See Houshold Financial Servcs., Inc. v. Northeastern Mortgage Invest.*, No. 00-0667, 2000 WL 816795, at *3 (N.D. Ill. June 22, 2000) (refusing to strike waiver affirmative defense with similar factual allegations to those asserted by Stericycle). Accordingly, this defense should not be stricken.

Stericycle's Seventh Affirmative Defense is ratification. (Answer 34.) In Illinois, ratification may be found when an entity, with knowledge of the material facts of the alleged improper transaction, retains and enjoys the benefits of the transaction. *Terminal Freezers v. Roberts Frozen Foods*, 41 Ill. App. 3d 981, 987 (Ill. App. 1976). Moreover, the ratification need not be express, but may be implied from the conduct of the parties. *Id.* Stericycle has asserted that ratification occurred because Plaintiffs retained the benefit that Stericycle provided and Plaintiffs were fully aware of the pricing policy, which consisted of allegedly improper price increases. (Answer 34.) As with other similar affirmative defenses, this defense relates directly to the government's knowledge when it first entered into a service agreement with Stericycle, and the actions it took after the pricing policy became known. This short, plain statement is sufficient to satisfy Rule 8 and should not be stricken at this stage.

Stericycle's Eighth Affirmative Defense is that the voluntary payment applies to the payments at issue. (Answer 34-35.) The voluntary payment doctrine is a complete bar to

recovery if a party voluntarily pays money in reply to an incorrect or illegal claim of right. *Randazzo v. Harris Bank Palatine*, 262 F.3d 663, 666 (7th Cir. 2001.) Stericycle asserted facts to satisfy both Rule 8 and a Rule 12(b)(6) challenge. Stericycle asserted that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs received invoices seeking payment of amounts due to Stericycle that included allegedly improper price increases and Plaintiffs voluntarily paid those invoices under Stericycle's claim of right to payment for services it provided. (Answer 34-35.) Moreover, Plaintiffs paid those invoices with full knowledge of the facts surrounding the claim of right to payment and without compulsion or duress. (*Id.*) Courts routinely grant summary judgment in favor of defendants when facts similar to those alleged by Stericycle are established. *See Spivey v. Adaptive Mktg.*, 622 F.3d 816, 824 (7th Cir. 2010) (affirming district court's grant of summary judgment in favor of defendants on grounds that voluntary payment doctrine precluded recovery); *Randazzo*, 262 F.3d at 953 (same).

Stericycle's Ninth Affirmative Defense is Release. (Answer 35.) In this affirmative defense, Stericycle asserts that certain of Plaintiffs are barred, in whole or in part, because Plaintiffs entered into a valid agreement with Stericycle whereby Stericycle was released from liability for any claimed damages due to allegedly improper price increases. (*Id.*) In Illinois, a release is a contract whereby a party abandons a claim to a person against whom that claim exists. *Whitehead v. Fleet Towing Co.*, 110 Ill. App. 3d 759, 762 (Ill App. 1982). Stericycle has not alleged that all of Plaintiffs' claims are barred. Rather, Stericycle alleges that only that certain Plaintiffs' claims are barred. This is because some customers, either on their own authority or on the authority of an agency permitted to execute a release, may have negotiated a new contract that either expressly or implicitly released Stericycle from liability from any purported improper price increases. Given the thousands of potential customers at issue in this matter, this affirmative defense is a valid question of fact that has been adequately asserted in a short and plain statement, and necessarily requires discovery. Accordingly, this defense should not be stricken.

Plaintiffs' Tenth Affirmative Defenses is that Plaintiffs failed to mitigate their damages. (Answer 35.) In Illinois, failure to mitigate damages is an affirmative defense that must be pled and proven by the defendant. *Ronzy v. Murnul*, 43 Ill. 2d 54, 73 (Ill. 1969); *Fleming v. County of Kane*, 898 F.2d 553, 560 (7th Cir. 1990). To prevail, a defendant must establish that the plaintiff failed to exercise reasonable diligence to mitigate his damages. *Fleming*, 898 F.2d at 561. Here, Stericycle has alleged that the Plaintiffs failed to mitigate damages when they continued to pay Stericycle after becoming aware of Stericycle's pricing policy or when they negotiated and executed subsequent agreements after becoming aware of Stericycle's pricing policy. Stericycle has adequately pled all elements of this recognized affirmative defense and it is premature to rule on the merits of this defense before any discovery has taken place.

Plaintiffs rely almost exclusively on *Heller Fin. v. Midwhey Powder Co.*, in support of their contention that all ten of Stericycle's affirmative defenses are 'bare bones conclusory" and should be stricken. (Plaintiffs' Motion 2.) In that case, the defendant asserted eleven affirmative defenses, all of which were stricken by the district court. *Heller*, 883 F.2d 1286, 1294-95 (7th Cir. 1989). The affirmative defenses stricken included "[plaintiff] did not deal in good faith," "the contract's interest rates were usurious," and "[plaintiff's] agent made certain misrepresentations, thus voiding some of the contracts." *Id.* at 1294. The district court held that these affirmative defenses were "bare bones conclusory" and ordered sanctions because the defenses were frivolous. *Id.* at 1295. Stericycle's affirmative defenses are nothing like the conclusory and unsupported statements offered in *Heller*. Here, Stericycle has provided a short and plain statement addressing each element of the asserted defense. Moreover, each defense is sufficient as a matter of law, or at a minimum, presents a question of law or fact. Accordingly, even under the standard set forth in *Heller*, Stericycle's affirmative defenses should stand. *Heller*, 883 F.2d at 1294 ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact.") (citing *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)).

7

## II. STERICYCLE'S SECOND AND EIGHTH AFFIRMATIVE DEFENSES ARE APPROPRIATE GIVEN THE FACTUAL ALLEGATIONS SET FORTH IN PLAINTIFFS' SECOND AMENDED COMPLAINT.

Plaintiffs next argue that Stericycle's Second and Eighth affirmative defenses (Accord and Satisfaction and Voluntary Payment Doctrine respectively) are rooted in contract law and are therefore improper. (Plaintiffs' Motion 7-8.) As discussed below, Plaintiffs' arguments are not supported by controlling Seventh Circuit law and are not consistent with the factual allegations in the Second Amended Complaint.

First, Plaintiffs contend that the voluntary payment doctrine and accord and satisfaction are confined to pure contract disputes. (Plaintiffs' Motion 7-8.) Contrary to Plaintiffs' assertion, the Seventh Circuit has held that the voluntary payment doctrine "applies to any cause of action which seeks to recover a payment on a claim of right, *whether that claim is premised on a contractual relationship or a statutory obligation*." *Spivey v. Adaptive Mktg.*, 622 F.3d 816, 822 (7th Cir. 2010) (emphasis added). Moreover, courts in this circuit have specifically allowed an affirmative defense of accord and satisfaction in a false claims act case to proceed to discovery. *See U.S. ex rel. Liotine v. CDW Gov't Inc.*, Case No. 05-33-DRH, 2012 WL 2807040, at *15 (S.D. Ill. July 10, 2012) (permitting evidence supporting affirmative defense of accord and satisfaction in False Claims Act case to be presented to jury).

Even if this Court determines that accord and satisfaction and voluntary payment doctrine are defenses ordinarily reserved for contract disputes, Plaintiffs' Second Amended Complaint is replete with allegations related to Stericycle's contracts with its customers and purported breaches thereof:

> The Sterisafe Service Agreement is a standard form boilerplate contract drafted by Defendant. The Steri-Safe Service Agreement consists of a cover sheet listing "Steri-Safe Program Benefits," fees, a line for the Government representative's signature, and a separate document titled "Steri-Safe Terms and Conditions." A copy of a Steri-Safe Agreement entered into between the United States Department of Veterans' Affairs and Defendant is attached [to the Second Amended Complaint] as Exhibit 1.

> The Steri-Safe Service Agreement's Terms and Conditions require Stericycle to collect, transport, treat, and dispose of regulated medical waste provided by the Governmental customer during the term of the agreement.

> The fee the Government agreed to pay for the medical waste pickup and disposal is stated on the cover page of the Steri-Safe Service Agreement.
>
> From 2002 and continuing to present, Stericycle has imposed automated price increases ("API") of up to 18% during a calendar year on all Steri-Safe Service Agreement customers, as well as certain other customers, including Government customers. Defendant imposed APIs at least or as often as every nine months. Stericycle never disclosed its API program to its government customers and the API program was not authorized by Stericycle's form contracts.
>
> Defendant knew at the time it was entering into these contracts with the Government, that it had no intent on abiding by the terms of its agreement.
>
> Each time Defendant negotiated and entered into a contract with the Government, Defendant knew, prior to entering into said contract, that it had no intent to abide by the terms of that contract, but instead Defendant knew that it was going to impose an API.

(Second Am. Compl. ¶¶ 11-15, 41.)

Throughout Plaintiffs' Second Amended Complaint, they allege that Stericycle imposed "APIs" without the customer's knowledge or authorization. (*See* Second Am. Compl. ¶¶ 2, 14-16, 23, 27-42.) Yet, Plaintiffs do not assert that there is a statutory prohibition against price increases. Rather, the sole basis for Plaintiffs' alleged False Claims Act violations is that Stericycle did not have the ***contractual*** authority to adjust price. Importantly, Plaintiffs ignore the contractual language that authorizes price changes and amendments related to such price adjustments. The factual and legal issues concerning the parties' contractual authority, representations, amendments, knowledge, and authority to modify the terms of the agreement must be the subject of discovery. These issues necessitate affirmative defenses such as voluntary payment and accord and satisfaction. Under clear Seventh Circuit authority, these defenses are not "patently defective" and should be the subject of further discovery. *Williams*, 944 F.2d at 1400. Accordingly, Plaintiffs' Motion as it relates to Stericycle's Second and Eighth Affirmative Defenses should be denied.

Second, Plaintiffs argue that an allegation of fraud shields them from the voluntary payment doctrine defense. (Plaintiffs' Motion 7-8.) Plaintiffs' argument improperly assumes that their allegations of fraud are true. Not only does Stericycle strongly deny the allegations of fraud, Plaintiffs' argument is an incorrect statement of the law. The voluntary payment doctrine

is a complete bar to recovery if a party voluntarily pays money in reply to an incorrect or illegal claim of right unless that party can ***show*** fraud, coercion, or mistake of fact. *Randazzo v. Harris Bank Palatine*, 262 F.3d 663, 666 (7th Cir. 2001). Plaintiffs seem to suggest that it is enough to simply ***allege*** fraud, coercion, or mistake of fact to preclude the voluntary payment doctrine. This is incorrect. Allegations of fraud do not bar the voluntary payment doctrine from being appropriately asserted. *See, e.g., Randazzo*, 262 F.3d at 670-71 (affirming district court's decision to grant summary judgment in favor of defendants on voluntary payment doctrine, despite allegations of fraud by plaintiff); *Crain v. Lucent Techs., Inc.*, 317 Ill. App. 3d 486, 491 (Ill. App. 2000) (recognizing that resolution of voluntary payment doctrine issue requires presentment of evidence to determine if payments were made without fraud or mistake); *Brown v. SBC Commc'ns, Inc.*, Case No. 05-cv-777, 2007 WL 684133, at *9 (S.D. Ill. Mar. 1, 2007) (recognizing that exceptions to voluntary payment doctrine are not susceptible to resolution on the pleadings because the issues are essentially factual). As these cases make clear, allegations of fraud alone do not preclude the application of the voluntary payment doctrine.

Stericycle's Second and Eighth Affirmative Defenses relate directly to the allegations in the Second Amended Complaint and should proceed to discovery. Accordingly, Plaintiffs' Motion as it relates to these affirmative defenses should be denied.

### III. STERICYCLE'S THIRD, FIFTH, SEVENTH, NINTH, AND TENTH AFFIRMATIVE DEFENSES ARE ROUTINELY RECOGNIZED AND SHOULD PROCEED TO DISCOVERY.

Plaintiffs also seek to strike Stericycle's Third, Fifth, Seventh, Ninth, and Tenth Affirmative Defenses based on a theory that they are not valid defenses in a False Claims Act case. (Plaintiffs' Motion 3-5.) However, these defenses have been permitted to proceed to discovery by courts in this and other circuits. Striking these defenses at this preliminary stage of litigation would violate the clear standard that courts should only strike clearly insufficient defenses. The underpinning of this standard is that courts should let the factual background of the case develop before evaluating the merits of the dispute. *Durham Indus., Inc. v. North River*

*Ins. Co.*, 482 F. Supp. 910, 913 (S.D.N.Y. 1979). Each of these affirmative defenses requires a full factual record before the merits of each can be considered.

*U.S. ex rel. Roby v. Boeing Co.*, is instructive on this issue. 100 F. Supp. 2d 619, 646 (S.D. Ohio 2000). In that case, the plaintiff-relator sought summary judgment on the defendant's affirmative defenses, including waiver, ratification, estoppel, and laches related to purported False Claims Act violations. *Id.* at 642. The court held that factual issues prevented the court from granting summary judgment on these affirmative defenses, despite arguments that these defenses were unavailable under the False Claims Act.[5] In evaluating the defenses of waiver, ratification, and estoppel, the court recognized that these defenses relate to the government's knowledge of the purported fraudulent conduct, which is a well-recognized defense to False Claims Act and other fraud claims. *Id.* at 644. Despite arguments similar to those made by Plaintiffs in this case, the court denied plaintiff's motion for summary judgment on these affirmative defenses and allowed the defenses to be presented at trial. *Id.* at 646.

Here, striking the affirmative defenses before any fact discovery may preclude Stericycle from establishing that the government knew of the price increase policy. Indeed, Plaintiffs allege that Stericycle fraudulently induced customers to enter into contracts to which it had no intention of adhering because Stericycle knew it would later impose price increases. (Second Am. Compl. 41.) Yet, many customers signed multiple contracts with Stericycle over an extended period of time, including those that received intervening price increases. It is likely, at a minimum possible, that the customers became aware of the price increases and signed subsequent contracts fully aware of the process. Moreover, Stericycle contends that its pricing policy is authorized by its contracts and that its customers were aware that the contract authorized Stericycle to increase its price. Yet, Stericycle may be prevented from presenting this evidence if Plaintiffs' motion is granted at this preliminary stage.

---

[5] The plaintiff also alleged breach of contract claims, but the court evaluated the merits of each defense as it relates to the False Claims Act and concluded that each defense should be presented to the trier of fact.

11
4818-6218-3702.1

Courts in the Seventh Circuit and Illinois have similarly recognized that these defenses create fact issues that must be evaluated after discovery or at trial rather than on the pleadings. *Phillips & Arnold*, 123 Ill. App. 3d at 102 (holding that the trier of fact should decide issues related to novation); *Terminal Freezers v. Roberts Frozen Foods*, 41 Ill. App. 3d 981, 987 (Ill. App. 1976) (holding that the ratification may be implied from the parties' conduct); *Whitehead v. Fleet Towing Co.*, 110 Ill. App. 3d 759, 762 (Ill. App. 1982) (holding that a release requires an examination of the circumstances of the transaction at issue); *Mikus v. Norfolk and Western Ry. Co.*, 726 N.E.2d 95, 112 (Ill. App. 2000) (holding it was reversible error to not allow evidence of mitigation of damages to be presented to trier of fact because it is a question of fact); *Wolfram*, 328 Ill. App. 3d at 224-25 (holding that waiver is most often a question of fact, including with respect to the evaluation of the parties' conduct and knowledge.) .

Finally, Plaintiffs argue that the only party that can ratify or waive claims made under the False Claims Act is the Department of Justice. (Plaintiffs' Motion 4-5.) Specifically, Plaintiffs argue that Stericycle "makes no allegation that the Department of Justice (or any analogous state agency) has taken any action to waive or release any of the claims at issue in this case." (*Id.*) However, Stericycle expressly asserts that "***Plaintiffs***" have, at various times, taken actions to waive or release the claims at issue. (*See* Answer 33-35.) Stericycle did not solely assert that the relator, or particular customers have waived claims. *See U.S. ex rel. Spay v. CVS Caremark Corp.*, Case No. 2:09-cv-04672, 2013 WL 1755214, *11-12 (E.D. Penn. April 24, 2013) (unpublished) (holding that waiver and ratification defense to False Claims Act claims should not be stricken when a party alleges that the government waived and/or ratified the alleged misconduct, but deciding to strike defense because defendant asserted that plaintiff-relator delayed in making conduct known to defendant). *See also Boeing*, 100 F. Supp. 2d at 643, 646 (finding that government knowledge and disregard of defendant's alleged misconduct could constitute valid waiver/ratification defense that should not be stricken); *U.S. ex rel. Jordan v. Northrop Grumman Corp.*, Civ. No. A.95-2985, 2002 U.S. Dist. LEXIS 26622, at *19-20 (C.D. Cal. Aug. 5, 2002) (same).

The reasoning of the above-cited cases is particularly applicable to this case. Here, Plaintiffs allege that Stericycle serviced thousands of local, state, and federal government customers. Discovery is needed to understand what knowledge each entity had prior to signing each contract (including subsequent contracts signed by the same party), as well as post-contract conduct of customers, local agencies, state attorneys general, and the United States Attorney General's Office. Stericycle has adequately pled this defense, it has been recognized by courts throughout the country, and discovery should proceed on these issues. Plaintiffs should not be allowed to prevent discovery on the government's knowledge, both prior to and subsequent to the contracts at issue given the allegations in the Second Amended Complaint.

This reasoning applies to Stericycle's Tenth Affirmative Defense as well. Stericycle asserts that Plaintiffs failed to mitigate damages through a variety of actions. (Answer 35.) If the government was aware, or became aware of Stericycle's pricing policy as Stericycle asserts, but then signed a subsequent contract with the same pricing authorization, then Plaintiffs failed to minimize their purported damages. Moreover, the original complaint in this action was filed in 2008. It is arguable that United States became aware of the allegations and the pricing policy at that time, yet continued to accept Stericycle services and execute Stericycle contracts. Plaintiffs assert, without support, that there is no basis in the law for this defense, but they do not cite any authority that would preclude it in this context. Accordingly, Plaintiffs have failed to meet their burden establishing that Stericycle's Tenth Affirmative Defense is patently defective.

## CONCLUSION

Plaintiffs' Motion is seeking the disfavored and drastic remedy of striking Stericycle's Affirmative Defenses before any discovery has taken place. Plaintiffs have not met their burden to establish that Stericycle's asserted defenses are patently defective. Accordingly, Plaintiffs' Motion should be denied and Stericycle's remaining Affirmative Defenses should be permitted to proceed to discovery.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>s/ Raymond J. Etcheverry</td></tr>
<tr><td>Paul E. Chronis<br>Elinor L. Hart<br>Duane Morris LLP<br>190 S. LaSalle Street, Suite 3700<br>Chicago, Illinois 60603<br>Telephone: (312) 499-6700<br>Email: PEChronis@duanemorris.com<br>EHart@duanemorris.com</td><td>Raymond J. Etcheverry *(admitted pro hac vice)*<br>Mark A. Glick *(admitted pro hac vice)*<br>Cory D. Sinclair *(admitted pro hac vice)*<br>PARSONS BEHLE & LATIMER<br>201 South Main Street, Suite 1800<br>Salt Lake City, UT 84111<br>Telephone: (801) 532-1234<br>Facsimile: (801) 536-6111<br>E-mail: REtcheverry@parsonsbehle.com<br>mglick@parsonsbehle.com<br>csinclair@parsonsbehle.com<br><br>*Counsel for Defendant*</td></tr>
</table>