UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> THE STATES OF CALIFORNIA, ) <br> DELAWARE, FLORIDA, ILLINOIS, ) <br> INDIANA, MASSACHUSETTS, ) <br> NEVADA, NEW HAMPSHIRE, NEW ) <br> JERSEY, NEW YORK, NORTH ) <br> CAROLINA, RHODE ISLAND, ) <br> TENNESSEE, VIRGINIA and THE ) <br> DISTRICT OF COLUMBIA, ) <br> *ex rel*. JENNIFER D. PEREZ, ) <br> ) <br> Plaintiffs, ) <br> ) <br> -v- ) <br> ) <br> STERICYCLE, INC., ) <br> ) <br> Defendant. ) | Case No. 1:08-cv-02390 <br><br> Hon. George M. Marovich |

**PLAINTIFF-RELATOR'S REPLY MEMORANDUM IN FURTHER SUPPORT
OF MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff-Relator Jennifer Perez ("Relator") submits this Reply Memorandum of Law in further support of her motion to strike defendant Stericycle, Inc.'s ("Stericycle" or "Defendant") Affirmative Defenses. In response to Relator's motion to strike, Stericycle agrees that its affirmative defenses of Estoppel (Fourth) and Laches (Sixth) should be stricken. Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Strike, Doc. # 56 at 2 n.1 ("Opp. Mem."). Defendant, however, continues to contend that its contract-based affirmative defenses should be permitted to stand. For the reasons presented herein and previously, Relator's motion should be granted.

**I.     BECAUSE RELATOR BRINGS SOLELY AN FCA CLAIM SOUNDING IN FRAUD, THE SECOND AND EIGHTH AFFIRMATIVE DEFENSES SHOULD BE STRICKEN**

In its opposition, Stericycle argues that the affirmative defenses of accord and satisfaction and voluntary payment can apply outside the context of a contract dispute, or that, in the alternative, the Second Amended Complaint's references to Stericycle's customers' contracts render this case a mere contract dispute.  *See* Opp. Mem. at 8-9.  These contentions are meritless.

As previously discussed, the affirmative defenses of accord and satisfaction and voluntary payment are not applicable to a dispute sounding in fraud; the defenses are meant only for contract disputes.  *See* Relator Mem. at 7-8,  Doc. # 50 (citing *Eagle Maint. Servs., Inc. v. D.C. Contract Appeals Bd.*, 893 A.2d 569, 582 (D.C. App. 2006); *Flournoy v. Ameritech*, 351 Ill. App. 3d 583, 587, 814 N.E.2d 585, 589 (2004)).  In this case, neither the U.S. Government nor any state government has intervened in the Relator's case.  As such, the only claims at issue are Relator's fraud based claims under the federal and state false claims laws.  While a government, in appropriate circumstances, may assert common law claims such as breach of contract, unjust enrichment, or payment by mistake, in addition to a FCA claim, a relator such as plaintiff in this case where the government has not intervened,[1] can only pursue a false claims act claim.  Thus, the only claims at issue in this action are fraud based claims under the federal and state false claims laws.

Accordingly, the Court should reject Stericycle's contact law based affirmative defenses.  Indeed, "claims under the False Claims Act are not contractual remedies."  *U.S. ex rel.*

---

[1]     No negative inference may be drawn from the federal and state governments' decisions to decline intervention.  *See U.S. ex rel. Chandler v. Cook County, Ill.*, 277 F.3d 969, 974 n.5 (7th Cir. 2002) *aff'd,* 538 U.S. 119 (2003) ("There is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits.").

*Roby v. Boeing Co.,* 73 F. Supp.2d 897, 910 (S.D. Ohio 1999). Defendant's reliance upon breach of contract cases to justify its affirmative defenses is to no avail.

Thus, in *Spivey v. Adaptive Mktg., LLC*, 622 F.3d 816 (7th Cir. 2010), the Court applied the voluntary payment doctrine to a putative class action claim alleging breach of oral and written contracts. *Id.* at 823-24. Defendant quotes from the *Spivey* decision to argue that voluntary payment can be a defense to a lawsuit based on a statutory obligation. *See* Opp. MEM. at 8. But, in addition to not indicating that *Spivey's* statement was actually quoting an Illinois state court case,[2] Defendant also misconstrues the import of the statement. The referenced statement does not mean that the voluntary payment doctrine can defeat a FCA claim; the quoted language simply means that the basis for the payment in dispute could have arisen pursuant to a statutory obligation. *See Smith v. Prime Cable of Chicago,* 276 Ill.App.3d 843, 855 n.8, 658 N.E.2d 1325 (1995) (voluntary payment doctrine can be based on disputed "payment made under a claim of right . . . premised on a[n] ordinance surcharge . . . [or] penalty") (citations omitted). The statement that the doctrine applies in the context of a statutory obligation refers to the reason for the disputed payment not that the basis for the cause of action to recover the money in dispute is a statute: the "claim of right" refers to the defendant's claim to the money, be it a contract or a statute, not the plaintiff's basis for seeking recovery.

Notwithstanding Stericycle's argument, *see* Opp. Mem. at 9-10, Relator does not have to prove a violation of the False Claims Act at this juncture to establish that the voluntary payment doctrine is an improper affirmative defense in this case. At trial, Relator will have the burden to prove that Stericycle violated the False Claims Act, or a state law analog. Once the

---

[2] The passage defendant quoted from *Spivey* was in turn a quote from *Harris v. ChartOne,* 362 Ill. App. 3d 878, 841 N.E.2d 1028, 1031 (2005), which in turn relied upon and cited to still another case, *Smith v. Prime Cable of Chicago,* 276 Ill. App. 3d 843, 855, 658 N.E.2d 1325 (1995).

- 3 -

Relator has sustained that burden, no contract-law affirmative defense will be relevant. Thus, there will never be an instance when Stericycle's affirmatives defenses will be at issue. The authorities Stericycle cites do not support its proposition, but in fact support the striking of its affirmative defenses. In *Randazzo v. Harris Bank Palatine, N.A.*, 262 F.3d 663 (7th Cir. 2001), the court found the voluntary payment doctrine a defense to plaintiff's breach of contract claims absent "fraud or mistake of fact." *Id.* at 670. Furthermore, in *Randzzo* the court also separately considered whether or not the defendant had violated the Illinois Consumer Fraud and Deceptive Business Practices Act, notwithstanding the assertion of the voluntary payment doctrine to the breach of contract claim. *Id.*

*Crain v. Lucent Techs., Inc.*, 317 Ill. App. 3d 486, 739 N.E.2d 639 (2000), cited by Defendant, is not instructive. There, the putative class-action plaintiff alleged, *inter alia*, breach of contract, and the trial court denied the defendant's motion to dismiss based on the voluntary payment doctrine. 317 Ill. App. 3d at 490. Finally, unlike the present case, the court in *Brown v. SBC Commc'ns, Inc.*, 2007 WL 684133 (S.D. Ill. Mar. 1, 2007), found that application of the voluntary payment doctrine was questionable at the pleading stage because the putative class action plaintiff against whom the defendants sought to apply the doctrine alleged sufficient facts demonstrating a defense to the doctrine. *Id.* at *9.

Finally, the Court should note that Stericycle failed to respond to the public policy considerations in this case that would preclude the voluntary payment doctrine. *See* Relator Mem. at 8 (*citing Eagle Maint. Servs.*, 893 A.2d at 582; *United States v. Wurts,* 303 U.S. 414, 415 (1938); *Pratt v. Smart Corp.*, 968 S.W.2d 868, 872 (Tenn. App. 1997)).

Defendant's affirmative defenses of accord and satisfaction and voluntary payment should be stricken.

## II. DEFENDANT'S THIRD, FIFTH, SEVENTH, NINTH AND TENTH AFFIRMATIVE DEFENSES ARE LEGALLY DEFECTIVE AND SHOULD BE STRICKEN

Stericycle argues that – notwithstanding clear case law prohibiting the various affirmative defenses raised against the government in a FCA case, *see* Relator Mem. at 3-5 – the Court should nonetheless allow discovery on those defenses before dismissing them outright. *See* Opp. Mem. at 10-12. The cases Stericycle cites, however, do not support Stericycle's remaining affirmative defenses. For example, defendant's reliance upon *U.S. ex rel. Roby v. Boeing Co.,* 100 F. Supp. 2d 619 (S.D. Ohio 2000), is misplaced because in that case, the government had intervened and asserted contract based claims in addition to FCA claims. *Id.* at 621. The fact that contract based affirmative defenses were relevant to the multiple common law causes of action, including payment by mistake, unjust enrichment, and breach of contract, asserted by the government is not surprising nor instructive to the present case in which no contact causes of action exist. *Id.* at 623.

Defendant further contends that, relying on *Roby,* the issue of government knowledge is relevant and that is the purpose of asserting these defenses. But, Stericycle has not alleged that "the Government was apprized of all relevant facts" as was alleged by the defendant in *Roby. Id.* at 644. In the case of *U.S. ex rel. Spay v. CVS Caremark Corp.,* 2013 WL 1755214, (E.D. Pa. April 24, 2013), the court held that the defense of government knowledge was not properly placed in issue by the defenses of waiver and ratification, but rather was encompassed by the Thirteenth Affirmative Defense in that case, which alleged that "United States' knowledge of the alleged conduct . . . defeats the elements of falsity, scienter, materiality, and causation . . . ." *Id.* at 12 & n.13; s*ee U.S. ex rel. Jordan v. Northrop Grumman Corp.,* 2002 WL 34251040, at \*19 (C.D. Cal. Aug. 5, 2002) (government knowledge might defeat FCA claim if defendant

"shared all information" with government so that defendant "did not 'knowingly' submit the false claims."). In this case, however, Stericycle has not alleged that it disclosed to any of its government customers all the facts that constitute the fraud in this case. *See* SAC ¶ 23 (citing false statements used by Stericycle to justify arbitrary price increase with customers).

None of the remaining cases cited by Stericycle – *see* Opp. Mem. at 12 – involve assertion of the various defenses <u>against government entities</u>. *See Phillips & Arnold, Inc. v. Frederick J. Borgsmiller, Inc.*, 123 Ill. App. 3d 95, 96, 462 N.E.2d 924 (1984) (breach of contract case brought by contractor against corporation); *Terminal Freezers, Inc. v. Roberts Frozen Foods, Inc.*, 41 Ill. App. 3d 981, 982, 354 N.E.2d 904 (1976) (breach of contract claim by storage and freezing services provider against private customer); *Whitehead v. Fleet Towing Co.*, 110 Ill. App. 3d 759, 760, 422 N.E.2d 1362 (1982) (garnishment action to recover judgment from insurance policies); *Mikus v. Norfolk & W. Ry. Co.*, 312 Ill. App. 3d 11, 15, 726 N.E.2d 95 (2000) (Federal Employer Liability Act claim against railway); *Wolfram P'ship, Ltd. v. LaSalle Nat. Bank*, 328 Il. App. 3d 207, 2011, 765 N.E.2d 1012 (2001) (tenant suing landlord based upon purchase option).

In addition, Stericycle argues, implausibly, that discovery is necessary to determine whether the Department of Justice ("DOJ") ratified or waived claims against Stericycle. *See* Opp. Mem. at 12-13. Stericycle, however, is a party to all of the government contracts in dispute, and would therefore have direct knowledge of whether the DOJ ratified or waived claims against Stericycle with respect to the claims at issue in this case. Stericycle does not need discovery of information that should be within its direct knowledge. Absent specific allegations that the DOJ – and not government contracting officials – ratified or waived the prices increases, Stericycle's Fifth and Seventh Affirmative Defenses should be stricken.

## CONCLUSION

For the reasons presented, Relator's motion to strike defendant's affirmative defenses should be granted.

Dated: November 13, 2013

                                        Respectfully Submitted,

                                        */s/ James T. Ratner*
                                        James T. Ratner
                                        Attorney *Pro Hac Vice*
                                        P.O. Box 1035
                                        Woodstock, NY 12498
                                        Tel.: (845) 688-5222
                                        Email: jamestratner@yahoo.com

                                        Michael C. Rosenblat
                                        Michael C. Rosenblat, P.C.
                                        707 Skokie Boulevard, Suite 600
                                        Northbrook, Illinois 60062-2841
                                        Tel.: (847) 480-2390
                                        Email: mike@rosenblatlaw.com

                                        David A. Koenigsberg
                                        Menz Bonner Komar & Koenigsberg LLP
                                        444 Madison Avenue, 39th Floor
                                        New York, New York 10022
                                        Tel.: (212) 223-2100
                                        Email: dkoenigsberg@mbkklaw.com
                                        Admitted *Pro Hac Vice*

                                        *Attorneys for Relator Jennifer Perez*

# CERTIFICATE OF SERVICE

I, David A. Koenigsberg, an attorney, certify that on November 13, 2013, I caused copies of **Plaintiff-Relator's Reply Memorandum in Further Support of Motion to Strike Defendant's Affirmative Defenses,** to be served pursuant to ECF as to Filing Users and via electronic delivery or U.S. Mail, proper postage prepaid, to the following individuals:

Rachel Coles
Deputy Attorney General
Corporate Fraud Section
1300 I Street
Sacramento, CA 95814
Rachel.coles@doj.ca.gov

Elio Battista
Deputy Attorney General
Delaware Department of Justice
820 N. French street
Wilmington, Delaware 19801
Elio.Battista@state.de.us

William Foster
Russell Kent
Complex Civil Enforcement Bureau
The Capitol PL-01
Tallahassee, Florida 32399-1050
William.Foster@myfloridalegal.com
Russell.Kent@myfloridalegal.com

Harpreet Khera
Assistant Attorney General
Special Litigation Bureau
100 W. Randolph St., 13th Floor
Chicago, IL 60601
hkhera@atg.state.il.us

Steve Hunt
Supervising Deputy Attorney General
Medicaid Fraud Control Unit
8005 Castleway Drive
Indianapolis, Indiana 46250
Steven.Hunt@atg.in.gov
Eric M. Gold

Assistant Attorney General
Health Care Division
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1598
eric.gold@state.ma.us

Catherine Cortez Masto, Attorney General
Nevada Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717

Jeffrey Cahill
Medicaid Fraud Control Unit
33 Capitol Street
Concord, NH 03301

Lindsay Puteska
Lorena L. Salzmann
Deputy Attorney Generals
State of New Jersey- Division of Law
Government and Healthcare Fraud Section
124 Halsey Street - Fifth Floor
Newark, NJ 07101
lindsay.puteska@dol.lps.state.nj.us
lorena.salzmann@dol.lps.state.nj.us

Nicholas Suplina
Assistant Attorney General
Taxpayer Protection Bureau
New York Office of the Attorney General
120 Broadway, 25th Floor
New York, New York 10271-0332
Nicholas.Suplina@ag.ny.gov

B. Carrington Skinner IV
Assistant Attorney General
Consumer Protection Division
N.C. Department of Justice
114 W. Edenton Street
Raleigh, NC 27603
cskinner@ncdoj.gov

Aimee Escueta Margolis
Special Deputy Attorney General
Consumer Protection Division
N.C. Department of Justice
114 W. Edenton Street
Raleigh, NC 27603
AMargolis@ncdoj.gov

Hon. Patrick C. Lynch
Attorney General
State of Rhode Island
150 South Main St.
Providence, RI 02903

Guy Horsley, Esq.
Peter Broadbent, Esq.
Special Assistant Attorneys General
900 East Main Street
Richmond, VA 23219
ghorsley@oag.state.va.us
pbroadbend@aog.state.va.us

Hon. Peter Nickles
Attorney General District of Columbia
441 Fourth St, NW, Suite 1145 S
Washington, DC 20001


Dated: November 13, 2013

s/ David A. Koenigsberg