UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| THE STATES OF CALIFORNIA, | ) | |
| DELAWARE, FLORIDA, ILLINOIS, | ) | |
| INDIANA, MASSACHUSETTS, | ) | |
| NEVADA, NEW HAMPSHIRE, | ) | |
| NEW JERSEY, NEW YORK, | ) | No. 08 C 2390 |
| TENNESSEE, VIRGINIA, and | ) | |
| THE DISTRICT OF COLUMBIA, | ) | Judge George M. Marovich |
| *ex rel.* JENNIFER PEREZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| STERICYCLE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Relator Jennifer Perez has filed a motion to strike all ten of defendant's affirmative defenses. For the reasons set forth below, the Court denies the motion.

**I.   Background**

Relator Jennifer Perez ("Perez") filed this *qui tam* suit on behalf of the United States, the District of Columbia and a dozen states. She alleges that defendant Stericycle, a company that collects (and disposes of) medical waste, has defrauded the governments with respect to its billing practices. According to the complaint allegations, Stericycle typically signs a standard-form service agreement with each customer. Contrary to the standard-form service agreement, Stericycle has, since 2002, instituted annual automatic price increases of up to 18% on its customers. Stericycle instructed employees (including relator) on how to handle customers who

complained about the automatic price increases.  Specifically, Stericycle instructed employees to tell customers (falsely) that Stericycle was itself experiencing increased costs for insurance, labor and energy.

Relator's first six claims are brought under the False Claims Act.  Counts VII and VIII are brought under the California False Claims Act.  Counts IX, X and XI are brought under the Delaware False Claims & False Reporting Act, the District of Columbia Procurement Reform Amendment Act, and the Florida False Claims Act, respectively.  Counts XII and XIII are brought under the Illinois False Claims Act.  Counts XIV, XV, XVI, XVII, XVIII, XIX, XX and XXI are brought under the Indiana False Claims and Whistleblower Protection Act, the Massachusetts False Claims Act, the Nevada False Claims Act, the New Jersey False Claims Act, the North Carolina False Claims Act, the Rhode Island False Claims Act, the Tennessee False Claims Act and the Virginia Fraud Against Taxpayers Act, respectively.

Defendant Stericycle filed an answer with ten affirmative defenses:  statute of limitations, accord and satisfaction, novation, estoppel, waiver, laches, ratification, voluntary payment doctrine, release and failure to mitigate.  Relator has moved to strike all ten.  Defendant Stericycle has agreed to dismiss voluntarily its fourth (estoppel) and sixth (laches) affirmative defenses.

## II. <u>Discussion</u>

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *Fed.R.Civ.P.* 12(f).  Motions to strike are disfavored, and this Court will not strike an affirmative defense unless it is clear, as a matter of law, that the defense is insufficient with

respect to each of plaintiff's claims. Because plaintiff fails to meet its burden, the Court denies the motion to strike.

Relator first argues that all ten affirmative defenses should be stricken, because defendant failed to allege sufficient facts to support the affirmative defenses. This Court has concluded (even though some district courts disagree) that, when pleading affirmative defenses, a party not include enough facts to make them plausible. *See LaPorte v. Bureau Veritas North Amer. Inc.*, Case No. 12 C 9543, 2013 WL 250657 (N.D. Ill. Jan. 18, 2013); *Leon v. Jacobson Transp. Co. Inc.*, Case No. 10 C 4939, 2010 WL 4810600 (N.D. Ill. Nov. 19, 2010). Accordingly, the Court will not strike the affirmative defenses for insufficient pleading.

Next, relator argues that five affirmative defenses (novation, waiver, ratification, release and failure to mitigate) are all "variations on the same theme" and should be stricken. Relator argues that these five affirmative defenses boil down to the following: "because a government contracting officer may have agreed to modified terms after objecting to Defendant's fraudulent price increases, the contracting officer somehow agreed to waive, release, settle or resolve a dispute with Defendant and in the process gave away the Government's rights under the False Claims Act." (Relator's Brief at 4). The relator concedes, though, that the federal government (namely the Department of Justice) can release civil fraud claims, which means these affirmative defenses are not a legal impossibility. Furthermore, relator does not say why the affirmative defenses are legally insufficient with respect to its other fifteen claims. For these reasons, the Court will not strike these affirmative defense (although the parties remain free to seek summary judgment on those affirmative defenses).

Finally, relator argues that the remaining two defenses--accord and satisfaction and the voluntarily payment doctrine--are inapplicable to claims under the False Claims Act. They do not cite a case that has so held. In any case, the Court need not decide this issue now. It is enough to note that the relator has not argued, let alone convinced the Court, that these two defenses are insufficient, as a matter of law, with respect to all twenty-one of her claims. Accordingly, the Court will not strike them.

### III. Conclusion

For the reasons set forth above, the Court denies relator's motion to strike defendant's affirmative defenses.

ENTER:

George M. Marovich
United States District Judge

DATED: March 12, 2014