IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, MASSACHUSETTS, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA, and THE DISTRICT OF COLUMBIA, *ex rel.* JENNIFER D. PEREZ, <br><br>     Plaintiffs, <br><br>  v. <br><br> STERICYCLE, INC., <br><br>     Defendant. | No. 08 C 2390 |

## **OPINION AND ORDER**

This *qui tam* action was brought by plaintiff Jennifer D. Perez as Relator

on behalf of the United States of America, the States of California, Delaware,

Florida, Illinois, Indiana, Nevada, New Hampshire, New Jersey, New York[1], North

Carolina, Rhode Island, and Tennessee, the Commonwealth of Virginia, the

Commonwealth of Massachusetts, and the District of Columbia ("the plaintiff

---

[1] New York settled its claim, which was dismissed by an order of Judge Holderman dated January 7, 2013. *See* Docket Entries 22, 25.

States") to recover treble damages and penalties arising from defendant Stericycle Inc.'s ("Stericycle") alleged violation of the Federal False Claims Act, 31 U.S.C. §§ 3729-30 and the plaintiff States' false claims statutes. The court has jurisdiction over the Federal claims pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3730 and jurisdiction over the claims asserted under state law pursuant to 31 U.S.C. § 3732(b).

Stericycle and the Relator have represented to court that the case has been settled and that the United States and the plaintiff States have agreed on settlement payments totaling in excess of $28 million. The parties ask that the court enter an order dismissing the case. The parties have overlooked that the applicable statutes permit dismissal based upon a settlement only upon the consent of the Attorney General of the United States stating reasons (and, under state law with respect to the plaintiff States, the consent of each Attorney General stating reasons) 31 U.S.C. § 3730(b)(1); **U.S. ex rel. Landis v. Tailwind Sports Corp.**, 98 F. Supp. 3d 8, 10-11 (D.D.C. 2015). It is not enough to merely file a consent to dismissal or to state that the settlement is fair and equitable.

Moreover, the statutes require that the court also provide reasons for permitting the dismissal of the action. However, there is nothing in the record to

furnish information to the court that reasons exist to permit dismissal of this action.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. The Settlement Agreement between the parties shall be filed of record. If the agreement was preceded by mediation, any mediation report shall be filed.

2. The Attorney General of the United States and the Attorneys General of the plaintiff States shall each file an analysis of the potential claims of the entities they represent and the reasons why settlement of those claims is fair and equitable including what consideration, if any, was given to a consent decree relating to the conduct of Stericycle.

3. The parties shall provide information as to notice, if any, to the governmental units affected by the settlement.

4. Relator shall report to the court the amount she is to be paid from the settlement agreement including attorney fees and costs.

5. The Attorney General of Illinois has requested approval under Illinois law of amounts to be paid to state entities. However, there has been no showing of

the basis for such payments and, without an analysis of the claims and the method of distribution, approval will not be granted.

6. No additional distributions of any settlement fund shall be made without approval of the court.

7. The time for filing the information required by this order shall be fixed at a status to be held on December 3, 2015.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 30, 2015