IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, MASSACHUSETTS, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VIRGINIA, and THE DISTRICT OF COLUMBIA, *ex rel.* JENNIFER D. PEREZ, <br><br> Plaintiffs, <br><br> v. <br><br> STERICYCLE, INC., <br><br> Defendant. | No. 08 C 2390 |

# **OPINION AND ORDER**

Plaintiff-relator Jennifer Perez initiated this action under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(1), against defendant Stericycle, Inc. ("Stericycle") on behalf of the United States of America. Included in the action are the States of California, Delaware, Florida, Illinois, Indiana, Massachusetts, Nevada, New Hampshire, New Jersey, New York, North

Carolina, Rhode Island, Tennessee, and Virginia, and the District of Columbia[1] under analogous state false claims statutes.  Neither the United States nor any of the other named entities have intervened.

The court has jurisdiction of the federal claim pursuant to 28 U.S.C. § 1331 and over the state claims pursuant to 31 U.S.C. § 3732(b).

The case is now before the court on the motion of the relator to obtain the consent of the court for a voluntary stipulation of dismissal pursuant to 31 U.S.C. § 3730(b)(1).  This section provides that the action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."  A similar provision is contained in the analogous state false claims statutes which are patterned after the FCA.  The power of the Attorney General to veto a relator's settlement in a non-intervened case is intended to protect the Government's interests when the interests of the relator and the defendant are served at a government's expense.  ***U.S. ex rel. Doyle v. Health Possibilities, P.S.C.***, 207 F.3d 335, 340-41 (6th Cir. 2000).

The Attorney General of the United States and the Attorneys General of the States and the District of Columbia initially filed consents for dismissal

---

[1]The District of Columbia also has a False Claims Act.  D.C. Code § 2-381.

without providing the court with enough information to find and conclude that reasons exist to consent to the voluntary dismissal of the action.  Thereafter, the parties were ordered to provide all the terms of the settlement together with factual data concerning the nature of the claims, the results of discovery, the potential recovery, the history of settlement negotiations including whether a consent decree was considered, the fees and expenses, intended division of the recovery, and the amount of the award to the relator.  Pending receipt of the information ordered, the relator and the governments were ordered to refrain from distribution of the proceeds of the settlement.  All of the information ordered has been provided.

It has been observed that Congress borrowed key language of the FCA, 31 U.S.C. § 3730(c)(2)(B), from the rules governing class action settlements. Accordingly, courts evaluating proposed FCA settlements must consider some of the same factors used in evaluating the propriety of class action settlements.  ***U.S. ex rel. Schweizer v. Oce N. Am.***, 956 F. Supp. 2d 1, 10-11 (D.D.C. 2013); ***U.S. ex rel. Resnick v. Weill Med. Coll. of Cornell Univ.***, 2009 WL 637137 *2 (S.D.N.Y. March 5, 2009).  However, the court's role in a *qui tam* action is more limited than its role in approving the resolution of a private class action because it is

appropriately deferential to the views of the government which are required to be considered.

## The Claims and Discovery

This case was filed by a relator who was a government customer-relations specialist for Stericycle from 2004 until March 2008. Stericycle is in the important business of collecting and disposing of medical waste products throughout the United States. It has many government and private customers. It is alleged that Stericycle was illegally imposing 18% price increases, annually and even more frequently, on federal and state government customers with long-term fixed price contracts that either did not permit price increases or permitted price increases only to address increases in the company's cost of servicing its customers. It was alleged that price increases were in violation of contract provisions and bore no relation to the company's cost.

Initially, the Attorney General of New York investigated the claims as to New York. The investigation, assisted by relator's attorneys, included obtaining documents consisting of contracts, invoices, payments, and correspondence that demonstrated that government customers were being charged price increases on a regular basis. Relator's counsel arranged for electronic document searches and

provided analysis. The result was a negotiated settlement by New York with Stericycle in the amount of $2.4 million which was approved by this court on January 7, 2013. ECF 20-25.

Stericycle produced data consisting of its transactions with government customers from 2002 through June 2014. Its last production of documents was December 12, 2014. Relator's discovery revealed that the cumulative overcharges of price increases to have been approximately $13.57 million.

### Settlement Procedure and Terms

Settlement discussions occurred between January and April of 2015. Relator was represented by competent and very experienced counsel. The parties agreed to engage a mediator from the JAMS Alternative Dispute Service in Washington, D.C. Relator's attorneys made initial demands in excess of what losses were estimated to be in order to reflect the penalties and treble damages that the false claims acts allow.

The parties entered into an agreement in principal to settle the case with a total payment by Stericycle of $28.5 million, $26,750,000 to be paid to the governments and $1,750,000 to be paid for the settlement and release of the

relator's claim for attorneys' fees, costs, and expenses as provided under the FCA.[2] A copy of the mediation agreement has been submitted to the court.

The settlement agreement did not specify how the $26,750,000 amount would be allocated among the governments nor what award would be paid to the relator. Instead, the agreement contemplated that the 14 non-intervening jurisdictions and the relator would come to an agreement as to the relator's reward and the allocation of the settlement amount. It was stipulated that Stericycle would have no involvement in the allocation. In the course of this analysis, it was discovered that some private Stericycle customers had been miscoded as government customers. The effect was a $1.8 million decrease from $13.57 million to $11.76 million in the amount of government over-charges. Also, Stericycle had categorized certain U.S. customers as State customers which required $66,324.48 in damages to be reallocated to the federal government.

The relator share agreement is between the relator and each of the governments represented by its respective attorney general. Relator is to be paid $5,686,294.89 from the settlement amount totaling $26,750,000. The amount being paid, except for Florida, Tennessee, and California affected local

---

[2]This amount is in addition to $150,000 paid in connection with the settlement of the New York claims.

government customers, is 25%.[3]  This is the bottom of the award range for a case where the relator pursued the case after the government does not proceed with the action.  31 U.S.C. § 3730(d)(2).  The net amount payable to the government entities is more than $21 million on claims estimated to be $11.76 million.  The net percentage payable to the relator is approximately 21%, the bottom of the allowed range.

The submission of the United States represents that the FCA does not specifically require a consent decree and that the United States did not seek a consent decree because Stericycle ceased the price increases.  The relator notes that ¶ 3 of the Settlement Agreement provides that "Stericycle shall comply with all applicable state and/or federal laws, rules, and regulations as now constituted or as may hereafter be amended."  Accordingly, a consent decree is unnecessary.

## State of Illinois

Illinois has filed a motion seeking entry of an order for disbursement of $1,677,910.24 in settlement proceeds to 355 affected state and local government

---

[3] Relator's award in the case of California and Florida is 15% the bottom of the range under statutes in those states, and 27% in the case of Tennessee which is below the 35-50% range in a case in which the State of Tennessee does not intervene.

entities in Illinois that were adversely affected by Stericycle's conduct.  The Attorney General is notifying each of the entities of the intended distribution.

Illinois's share of the settlement is $4,026,984.56.  When Illinois does not intervene, a relator is entitled to at least 25% and not more than 30% of the proceeds of the action or settlement.  740 ILCS 175/4(d)(2).  Illinois agreed to pay the relator 25% ($1,006,746.14).  Illinois will retain $3,020,238.42, an amount in excess of the $1,770,935.28 in estimated damages suffered by state and local entities. The Illinois FCA provides that 1/6 of the proceeds ($671,164.09) be paid to the Illinois State Police and another 1/6 (another $671,164.09) be paid the Illinois Attorney General.  740 ILCS 175/8(b).

After the deductions stated , Illinois will have $1,677,910.24.  The Illinois FCA provides that the court may award amounts from the settlement proceeds "that it considers appropriate to any governmental entity or program that has been adversely affected by a defendant.  The Attorney General, if necessary, shall direct the State Treasurer to make a disbursement of funds as provided in court orders or settlement agreements."  740 ILCS 175/4(d)(2).  The Settlement Agreement provides for the payment to the state and local entities in amounts reflecting the losses identified in discovery.  The allocations disclosed are fair and

appropriate. The motion of the Attorney General of Illinois to make the disbursement requested will be granted.

Based on the facts presented the amount recovered exceeds the losses incurred. Each government will recover what has been shown as overpayment together with a part of the potential penalty. The costs are not in dispute and the reward to the relator is on the low end of the range. The payment to the relator will not diminish the benefit to the governmental entities. Accordingly, sufficient reason exists for the court to consent to the dismissal of this action.

IT IS THEREFORE ORDERED that plaintiff-relator's motions for settlement and dismissal of the case [95, 96, 97] are granted. The State of Illinois's motion for disbursement of funds [81] is granted. The prohibition against disbursement of the proceeds is vacated. This cause of action is dismissed with prejudice pursuant to the parties' Settlement Agreement.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 1, 2016